PHILLIPS v. THE TROWBRIDGE FURNITURE COMPANY.

86   699
92   597

1. On the issue whether the defendant was a partner, testimony of the plaintiff's agent that the person claimed to be the other partner stated, not in the presence of the defendant, that the defendant was going in with him and would furnish security to the amount of $1,000, was not admissible.

2. The person claimed to be partner with the defendant executed an instrument as follows: "In consideration of the sum of five dollars to me paid and a debt of seven hundred and nine dollars I owe to the Trowbridge Furniture Company, . . I hereby transfer, sell, assign and deliver to said Trowbridge Furniture Company all the stock of furniture now in my store, . . being furniture bought by me from said company, and also all the furniture which I have bargained to sell on the installment plan to parties who now hold said furniture under written contracts held by me from them, with right in said Trowbridge Furniture Company to hold the same contracts over said furniture so bargained to be sold and the said contracts taken therefor, that I have or could have had. The proceeds of the sale of said furniture and the collection of said contracts shall be applied towards the payment of said above mentioned debt as far as the net proceeds thereof may go, less $50 which is to be credited to the rent of said store, and less such commissions as may be allowed me . . for my services in selling said furniture and collecting said contracts: It is agreed that the mortgage against Mrs. C. J. Phillips is not to be commenced to be foreclosed before the 1st day of October next, being a mortgage given by her to secure above mentioned debt. This August 7th, 1888." *Held*, that this was not a bill of sale and delivery of the goods thereunder in payment of the debt, but was a written title to the property to secure the plaintiff for the purchase price of the furniture which had been sold to the maker of the instrument, and a written assignment of the contracts therein referred to. It could be legally given though there was a partnership, and the giver could agree to its cancellation; nor would the other partner be thereby injured. If she were not a partner, but a security, and the cancellation were without her consent, she would be released to the extent she was thereby damaged.

3. Requests to charge based on an erroneous construction of the instrument were properly refused.

4. If the original of a contract of sale on installments, used in the business, or a certified copy of the record of the same, were not obtainable, perhaps a blank form of the same might be admissible; but without proper foundation for its introduction, such form was properly excluded.

5. So the original books of the business should be tendered or accounted for, before secondary evidence of their contents can be admitted.

February 23, 1891.  By two Justices.

Partnership.  Evidence.  Title.  Principal and surety. Before Judge MILLER.  Bibb superior court.  April term, 1890.

The Trowbridge Furniture Company brought its bill against C. A. Neal and Mrs. Phillips, for the foreclosure of a mortgage alleged to have been given it by Mrs. Phillips to secure a credit for certain goods sold to Neal, it being alleged that Neal and Mrs. Phillips were partners at the time of the transactions in question. Mrs. Phillips answered, asserting that she was merely a surety for Neal, was never in partnership with him, but was interested in a portion of the net profits of his business; that the indebtedness in question had been discharged by a sale which Neal made to complainant of his stock of merchandise and notes of sufficient value to extinguish the debt; and that after such purchase the complainant entrusted the goods and notes to Neal, thereby increasing her risk as a surety and discharging her.

The evidence showed that complainant sold goods to Neal who offered Mrs. Phillips as his security, and took a mortgage for $1,000 from Mrs. Phillips to secure it for Neal's purchases.  Neal stated, not in her presence, that she was going in business with him and would furnish security to the amount of $1,000.  The sales by the company to Neal amounted in value to only $709.60.  As to the extent of the interest of Mrs. Phillips in the business, the testimony for her tended to show that, beyond furnishing the security, she was only interested to the extent of one third of the profits and was not a partner; while there was testimony for the complainant tending to show that she was interested as a partner.  Some time after the goods

were sold to Neal, complainant tried to get a settlement from him, and finally agreed to take from him the instrument set forth in the second head-note. After it was made, actual possession was not taken by the complainant, but it allowed Neal to remain in possession, and its testimony tended to show that no sales were made from the stock or collections made under the contracts referred to; while the testimony for defendant tended to show that after the execution of the instrument, and before its rescission, Neal did make sales. After it was executed, Mrs. Phillips objected either to it or to the goods being turned over to Neal, and there was entered upon it a written rescission, signed by the complainant, by its treasurer, and by Neal, reciting that the "bill of sale" had been made without consulting Mrs. Phillips, who claimed an interest in the profits of the business; and she objecting to the "bill of sale," it was agreed by both parties thereto that it was cancelled, and title to the property and effects transferred to Neal, in the same manner and interest in which he held the same before he executed the "bill of sale."

The verdict was in favor of the complainant against Neal and Mrs. Phillips for $709.60 and interest, and for foreclosure of the mortgage. Mrs. Phillips moved for a new trial; her motion was overruled, and she excepted. One of her grounds was, that the court erred in charging that the legal effect of the paper in question was a mere attempt to create a lien, and it passed no title at all; that it did not pay the debt but was a mere attempt to create a lien, which attempt was afterwards ended by its rescission; that its effect was not to satisfy the debt, nor cancel the mortgage, nor pay off the account, and the rescission of it left the parties exactly where they were before; that that being the effect of the paper in law, Mrs. Phillips, if she were a partner, was not affected by it one way or the other, and her liability to

the complainant, if she were not a partner, would not be affected at all by it; that the paper was simply an attempt to create a lien that resulted in nothing, and it and the rescission of it put the parties back, put the custody of the property back, where it was found, without having changed it at all.

The sixth and 7th grounds assigned error upon the refusal of the court to charge thus : " If you believe from the evidence that plaintiff bought of Neal certain stock of merchandise and certain choses in action or notes, and did so without the knowledge of Mrs. Phillips or her agent, and left the property and effects in the hands of Neal to be sold for the benefit of plaintiff, the law would place the burden upon the plaintiff of properly applying the proceeds to the payment of the debt due for the purchase of such property, and the debt would be discharged to the extent of the value of any such property, notes, etc., and if of value equal to the debt, then the whole debt would be discharged; and if you should so believe from the testimony, then you would be authorized to find for the defendant, Mrs. Phillips. If you believe from the evidence that Mrs. Phillips and C. A. Neal entered into a partnership and were due the plaintiff a debt for goods, and Neal sold the stock of goods, choses in action, etc. to plaintiff without Mrs. Phillips' consent, then you would be authorized to credit the debt with the value of any purchase, and if you find the value of any such purchase to be equal in value to the amount of the debt, you would be authorized to find for the defendant Phillips."

The other grounds are stated in the opinion.

L. D. Moore, for plaintiff in error.

Lanier & Anderson, contra.

Simmons, Justice.

1. One of the main issues in this case was whether

Mrs. Phillips was a partner of Neal. The plaintiff in its declaration alleged that she was; she denied it. It is complained of as error in the eighth ground of the motion for a new trial that, pending the trial, Kendall, the agent of the plaintiff, was allowed to testify, over objection of the defendant, "that Neal stated to him in Atlanta that Mrs. Phillps was going in with him and would furnish security to the amount of a thousand dollars." We think the judge erred in admitting this testimony. It was a statement by Neal, not in the presence of Mrs. Phillips. The question in issue being whether Mrs. Phillips was a partner or not, she could not be bound by anything which Neal said. The rest of the evidence on the question of partnership not being conclusive, this testimony doubtless had considerable weight with the jury in finding that she was a partner. She was therefore prejudiced in her rights, and we think ought to have a new trial on this ground.

2. The fourth ground of the motion complains of the construction placed upon the writing given by Neal to the plaintiff. Counsel for the plaintiff in error contends that it was a bill of sale and a delivery of the goods thereunder in payment of the debt. We do not agree with him in this construction. In our opinion, under the facts, it was a written title to the property given by Neal to the plaintiff to secure the company for the purchase price of the furniture which had been sold to Neal, and a written assignment of the notes and accounts. *Biggers* v. *Bird*, 55 *Ga.* 650. It being a written title for this purpose, Neal had a right to give it, even if there was a partnership, bearing his individual name. One partner has the right to give a mortgage or other security upon personal partnership property to secure a partnership debt; and if Neal had the right to give it in the first instance as a partner, he also had the right to agree to its cancellation. Therefore, if Mrs. Phillips was a

partner, and the title to the furniture and assignment of the choses in action were given to secure a partnership debt, she was not injured thereby, nor was she injured by the cancellation of the same. If she was not a partner, but a security, and the title was taken by the plaintiff to the goods in the store and choses in action, and afterwards cancelled without her consent, and she was damaged thereby, of course she would be released to the extent she was damaged by such cancellation. The title covered the furniture in the store and the choses in action, and if the creditor surrendered it, and the furniture and choses in action were afterwards lost, the security's liability to that extent would be increased. I will say in passing, however, that Mrs. Phillips in her answer makes no complaint of being injured in this manner, and, of course, could take no advantage of it on the next trial unless her answer be amended. She contends, as we have before remarked, that the writing is a bill of sale, and that its effect was to pay off and discharge the debt due by Neal to the plaintiff. This, we have shown, is not the correct interpretation of the instrument.

3. This being the proper construction to be given to the writing between the plaintiff and Neal, there was no error in refusing to give the requests to charge as complained of in the 6th and 7th grounds of the motion. These requests went upon the idea that it was a contract of sale between Neal and the plaintiff, and that the debt was paid off and discharged thereby.

4. It appears from the record that Neal used in his business a certain "form of a contract" when he sold furniture to people upon the installment plan, reserving title, etc. In the progress of the trial, Mrs. Phillips offered one of these forms in evidence, proposing to prove it was the same form as that used by Neal and filled out by him when he made such sales. This was

excluded, and the ruling of the court is complained of as error in the 9th ground of the motion. There was no error in this ruling. The proper foundation was not laid for the introduction of this paper. One of the originals which had been executed should have been introduced, if obtainable. If none could be obtained from the original parties, or a certified copy of the same from the record, in case they had been recorded, then, perhaps, the paper presented might have been admissible. We can understand how, in case the jury upon the next trial should find that Mrs. Phillips was security, and not a partner, it might be material to show the number and amount of such contracts Neal had at the time the title given to the plaintiff was cancelled.

5. For the same reason the court did not err in excluding from evidence the "memorandum of the names and amounts of Neal's customers as shown by his books the day after the bill of sale was made." The original books should have been tendered or accounted for, before secondary evidence could be offered and admitted.

*Judgment reversed.*