## SMITH *v.* FERRARIO.

1. Since the fact of the existence of a partnership can not, as against one denying it, be lawfully shown by declarations of another alleged member of the firm, an instruction which warranted the jury in giving to evidence of this character such an effect was erroneous.
2. Although the evidence in the present case may have required a finding that the plaintiff in error held himself out to the payee of the promissory note sued on as the partner of him who signed the alleged firm name thereto, and there was sufficient evidence to warrant, though the same did not demand, a finding that the payee acted thereon in the transaction represented by such note, yet as it can not be ascertained whether the verdict in favor of the plaintiff was rendered on the proof of a general partnership, or because of such representations, it must, because of the error above pointed out, be set aside.

Argued June 3, — Decided July 19, 1901.

Complaint. Before Judge Reid. City court of Atlanta. January 29, 1901.

Giovanni Ferrario sued H. H. Smith & Company, alleging that the defendants as partners, a firm composed of H. H. Smith and A. N. Ivancich, were indebted to him on three promissory notes,

copies of which were attached to the petition. The notes were signed "H. H. Smith & Co.," were payable to the order of Antonio Ferrario, were indorsed with his name, and appeared to have been executed at Savannah, Georgia, July 14, 1891. It was alleged that Ivancich was a non-resident and was out of the State; and the suit proceeded against Smith alone. Smith filed a plea in which he denied that he was indebted to the plaintiff, and that there was ever a partnership between himself and Ivancich; and alleged that Ivancich had no authority to sign the name of H. H. Smith & Company to the notes, and that the notes were not made or authorized by Smith or H. H. Smith & Company. The verdict was against Smith, and he excepted to the refusal of a new trial. There was testimony that Ivancich stated that he had signed the notes for the firm of H. H. Smith & Company, and had authority to do so as a member of the firm; that the notes were given in the regular course of the business conducted by H. H. Smith & Company, and were in satisfaction of a debt justly due by that firm to the payee named in the notes; and that H. H. Smith was a partner in the firm, and knew all about the transactions in connection with which the notes were given. Also in evidence were letters written by H. H. Smith to Antonio Ferrario prior to the date of the notes, and on paper at the head of which was printed the name H. H. Smith & Co., in which he referred to Ivancich as his partner.

For the other material facts see the opinion.

*C. T. Hopkins* and *D. W. Rountree*, for plaintiff in error.
*Slaton & Phillips*, contra.

LITTLE, J. A material question of fact raised by the pleadings was whether a partnership existed between plaintiff in error and one A. N. Ivancich, and that question was by the jury determined against the former. He complained in his motion for a new trial that the verdict rendered was contrary to the evidence, and that the judge erred in certain rulings of law, and that he was therefore entitled to a new trial. It is contended on the part of the defendant in error that the evidence was sufficient to show that a partnership did exist between Smith and Ivancich, but, in the event this conclusion was not demanded by the evidence, that, as to the defendant in error, Smith is estopped from denying its existence, because of representations made by him to Ferrario that the partnership ex-

isted, and that the latter acted upon such representation. After a careful investigation of the evidence contained in this record, we are very clear that the jury trying the issue would have been fully authorized to find the fact to be that a partnership existed. The admissions contained in certain letters written by Smith to Ferrario, copies of which are found in the record, are clear and explicit that such a partnership did exist, and these admissions were of themselves amply sufficient to support such a finding; but it can not be said that the evidence on this subject as a whole *demanded* such a finding, because Smith himself was a witness in the case, and testified in equally as clear and direct terms that Ivancich was not his partner, that no such partnership ever existed, and that Ferrario knew it. Hence, while the jury would have been authorized to find under the admissions made that the partnership existed, they were not compelled to do so. It therefore becomes material to determine whether the trial judge committed any error of importance sufficient to require the verdict to be set aside. It is alleged that he erred in giving to the jury the following charge: "Now, you take all the evidence in the case, gentlemen, and admissions that are before you, and any other evidence that will illustrate the question; any direct evidence, circumstantial or otherwise, any evidence that will illustrate the question, and weigh it all and say whether the evidence shows a partnership existed between Mr. Smith and Mr. Ivancich as alleged." It is pointed out in this connection that there is evidence contained in the record which, under this charge, the jury were authorized to consider in determining the fact, and which it was improper that they should have considered in determining the question at issue. It appears that the plaintiff himself introduced in evidence letters directed to Ferrario, signed "H. H. Smith & Co." and written by Ivancich. The general tenor of these letters indicated that a partnership existed between Smith and Ivancich, and they were written in reference to business proposed to be transacted between the respective parties. Certain depositions of a witness, Trapani, also appear in the brief of evidence; he was allowed to testify that, after the execution of the notes sued on, he had a conversation with Ivancich, in which the latter admitted that he had signed the notes as a partner of H. H. Smith & Company, that the notes were given in connection with the business of Smith & Company in the regular course of business, and that he,

Ivancich, had full authority as a partner to sign said notes. Another witness, Mr. O'Byrne, testified that the notes sued on were turned over to the law firm of which he is a member, for collection; that, failing to see Mr. Smith who was not in Savannah, payment was demanded from Ivancich, a member of the firm; and that Ivancich admitted that he had signed the notes for the firm of H. H. Smith & Company, having the power and authority to do so as a member of the firm, and further stated that H. H. Smith, his partner, knew all about the business transactions in connection with which the notes were given, and that Smith was liable for the payment thereof.

So it will be seen that, in addition to the admissions made by Smith of the existence of the partnership, there was evidence from Ivancich, not as a witness, but as to his saying that a partnership existed between Smith and himself. Certainly Ivancich would have been a competent witness to testify as to the existence or non-existence of the partnership. Certainly, too, after the fact that the partnership existed had been established, the sayings of Ivancich that the notes were given in the regular course of business, etc., would have been admissible for the purpose of binding the partnership. But we apprehend that there can be no question that proof of the sayings of Ivancich as to the existence of the partnership was inadmissible. Being in evidence, the effect of these sayings was not limited by the charge of the court. On the contrary the jury were told to take all the evidence in the case as well as the admissions, any direct evidence, circumstantial or otherwise, any evidence that will illustrate the question, and weigh it all and say whether the evidence shows that a partnership existed. Certainly these instructions were sufficient to embrace the sayings of Ivancich, which were not admissible for that purpose, and which could not legally have been considered in determining the question whether the partnership existed. Therefore, while it is easy of determination that the admissions which Smith made were amply sufficient to support a finding that a partnership existed, we are not able to say that the finding of the jury was based on these admissions. It may have been based upon the sayings of Ivancich. If so, it ought to be set aside. But inasmuch as the jury were allowed to consider these sayings at all for this purpose, and the admissions of Smith, because of his testimony, did not compel a verdict that the partnership existed, it must be ruled that the charge was error, and materially affected the rights of the defendant.

· But the legal proposition is insisted on, that whether Smith and Ivancich were partners as to the world in general is immaterial; that as a matter of fact they were partners as to Ferrario; and it is claimed that this result must follow, because Smith represented to Ferrario that Ivancich was his partner, and that Ferrario acted upon such representations, and that the liability was incurred by reason of transactions which had followed the representations. As said before, there can be no question, under the evidence, that these representations were distinctly and fully made; and from a careful inspection of certain correspondence which was had between Smith and Ferrario, as appears in the record, we are of the opinion that the jury would have been authorized to find as a matter of fact that Ferrario acted upon these representations. But how are we to determine whether the jury found the partnership to have existed generally as matter of fact, or that it existed as to Ferrario because of the representations and his actions thereon? We have endeavored to show that, because of the erroneous charge above referred to, the finding that a general partnership existed should be set aside. It is true that one who represents himself to be a partner of another may, though no partnership in fact existed, be held liable as a partner by a person to whom he so held himself out; but in order to render himself thus liable, it must appear that such person acted upon the representations that there was a partnership, as well as that his demand grew out of a transaction or transactions based upon this fact. We are free to say that the evidence in this case required a finding that the defendant below held himself out to the payee of the promissory notes sued on as the partner of Ivancich who signed the alleged firm name thereto, but it does not demand a finding that there was in fact a partnership; and inasmuch as the finding of the jury was general, that is for the plaintiff for a given amount, it must be a matter of doubt, at least, whether that finding was based on the existence, in their opinion, of a general partnership between the parties, or on the fact that as to the plaintiff Smith and Ivancich were partners. It must follow then that, because of the error in the charge above pointed out, a new trial must be granted. The other grounds of the motion do not disclose any error of sufficient importance to be specially considered.

*Judgment reversed. All the Justices concurring.*