## PEOPLE'S NATIONAL BANK *v.* HARPER.

LEWIS, J.   1. In a claim case, the admission by the claimant that the defendant in attachment was in possession at the time of the levy places the burden of proof upon the claimant, and entitles him to the opening and conclusion. *Powell* v. *Westmoreland*, 60 *Ga.* 576, and cases cited; *Lamkin* v. *Clary*, 103 *Ga.* 631.

2. While, in such a case, the claimant may not controvert his admission of possession on the part of such defendant, it is not only permissible, but it is incumbent upon him to explain that possession, in order to show that it is consistent with his own claim of title.   *Richardson* v. *Subers*, 82 *Ga.* 428.

3. The defendant in attachment conveyed to the claimant (his wife) a stock of merchandise, and she employed a third person as her agent to conduct the business for her.   The contract of agency was in evidence.   It was sought to prove by sayings of this agent that he had held himself out as a partner of the defendant, and had concealed his true character as agent of the claimant. *Held*, that these sayings, not having been made in the presence of the claimant nor brought to her notice, and not being within the scope of the contract of agency as disclosed by the record, were not admissible to bind the claimant.

4. There was no error in any of the charges of which complaint is made; the requests to charge, so far as legal and pertinent, were covered by the general charge, which was a fair and full exposition of the law bearing upon the case; the evidence, while perhaps conflicting in some particulars, was fully sufficient to warrant the verdict; and the court below did not err in refusing to grant a new trial.          *Judgment affirmed.   All the Justices concurring.*

Argued January 2, — Decided February 5, 1902.

Levy and claim.   Before Judge Littlejohn.   Sumter superior court.   February 7, 1901.

*W. P. Wallis, J. H. Lumpkin*, and *Allen Fort*, for plaintiff.
*W. T. Lane* and *E. A. Hawkins*, contra.