ZEROUNIS *et al. v.* BERRY *et al.*

No. 15157. MAY 10, 1945. REHEARING DENIED JUNE 7, 1945.

*Julius A. McCurdy Jr., Weekes & Candler, James A. Branch,* and *Thomas B. Branch Jr.,* for plaintiffs in error.

*G. Seals Aiken* and *Smith, Kilpatrick, Clay & Cody,* contra.

WYATT, Justice. ■ The plaintiffs in error argue the general

grounds of the motion, and contend that the evidence is not sufficient to support the verdict for the reason that there had been no dissolution of the partnership and no balance had been struck. Whether or not this question can be raised by a motion for new trial when no demurrer was filed to the petition, we do not here decide. Suffice it to say, there is in no event any merit in this contention. This court, in *Hogan* v. *Walsh,* 122 *Ga.* 283, 285 (50 S. E. 84), said: "The suit of Walsh against Hogan was an equitable action. The plaintiff not only sought to recover the amount due him for services rendered the partnership under the agreement for special compensation, but also sought an accounting with his partner and a judgment for one half of the net profits of the business. It is true that there was no separate and distinct prayer by the plaintiff for an accounting; but a prayer by one partner that his copartner may be compelled to pay over to him one half of the net profits of the partnership business includes therein a prayer that an account of the partnership transactions may be taken. *Bennett* v. *Woolfolk,* 15 *Ga.* 213. It is further contended that a court of equity has no jurisdiction to entertain a petition for an accounting between partners, unless the petition prays for a dissolution of the partnership. The old equitable rule that no account between partners could be taken, save with the view to the final determination of all questions and cross-claims between them and a dissolution of the partnership, has been considerably relaxed, though it is still applicable where there is no reason for departing from it. 2 Lindley on Partnership, *495. On the same page of the authority just cited, three instances are given where an accounting without a prayer for dissolution may be had, one of these instances being where one partner has sought to withhold from his copartner the right of participation in the partnership affairs, and to exclude or expel his copartner or to drive him to a dissolution. The necessary inference from the allegations of the 6th and 7th paragraphs of the plaintiff's petition is that he had been expelled from the partnership, and that the defendant had taken possession of all the assets of the firm. This brings the case squarely within the exception above stated." Again, in *Rose* v. *Moate,* 144 *Ga.* 316 (87 S. E. 20), it was said: "The petition alleged that the plaintiff and the defendant were partners, and that the plaintiff was wrongfully excluded from participation in the partnership business

by the defendant; and it prayed an accounting and the appointment of a receiver for the partnership property. The allegations respecting the terms of partnership were ambiguous, in that it did not definitely appear whether the plaintiff was to have an interest in the profits of the business, as profits, or whether the profits were to be the measure of the sum to be received for his services; but there was enough to amend by, and the proffered amendment should have been allowed. As thus amended the petition should not have been dismissed on demurrer." In the instant case, it was alleged that the partnership existed; that the plaintiff had been wrongfully excluded from the partnership; and there was a prayer for a receiver and an accounting. The facts alleged were supported by the testimony of the plaintiff.

■ The first special ground of the motion for new trial complains of the following excerpt from the judge's charge: "Now, gentlemen, as you have observed from the reading of the pleadings and from the statement of the case and the argument of counsel, the plaintiff contends that she entered into a partnership agreement with one George Zerounis, and she outlines in her petition the details of that alleged agreement and the terms and conditions of it. Now this is denied by the defendants, and as to whether or not that partnership agreement was entered into is a question of fact for you gentlemen to determine from the evidence. Now, gentlemen, I will charge you some rules of law with reference to partnerships in this State, and in that connection I charge you that a partnership may be created either by written or parol contract, or it may arise from a joint ownership, use, and enjoyment of profits of undivided property, either real or personal; that proof of partnership may be made by statements or admissions of alleged partners." The burden of the complaint is directed to the phrase, "that proof of partnership may be made by statements or admissions of alleged partners." There was no evidence of any admissions or statements on the part of the defendants in the court below admitting the existence of the partnership. There was evidence to the effect that the plaintiff had made to third parties statements and admissions of this character. Such statements on the part of the plaintiff, whether properly admitted or not, being in evidence, the effect of the charge on this subject was to instruct the jury that they could and should consider such statements in passing upon

the vital and controlling issue, to wit, partnership or no partnership. This court, in *Smith* v. *Ferrario,* 113 *Ga.* 872 (39 S. E. 428), said: "Since the fact of the existence of a partnership can not, as against one denying it, be lawfully shown by declarations of another alleged member of the firm, an instruction which warranted the jury in giving to evidence of this character such an effect was erroneous." "The sayings of one of the partners, not expressly or by implication brought to the knowledge of the other, are no evidence against that other, in an issue of partnership or no partnership." *Sankey* v. *Columbus Iron Works,* 44 *Ga.* 228 (5). See also, *Phillips* v. *Trowbridge Furniture Co.,* 86 *Ga.* 699 (13 S. E. 19) ; *People's National Bank* v. *Harper,* 114 *Ga.* 603 (3) (40 S. E. 717). The charge complained of was error.

■ The second special ground complains of the following excerpt from the charge: "If, however, on the other hand you find that there was a partnership agreement entered into as alleged by the plaintiff, and you find that agreement was made and that her contentions in that respect are true, then you would go further in the case and determine what the recovery would be. Now, gentlemen, I call your attention to the fact that this is not a suit to recover money paid in by the plaintiff to the partnership, and it is not a suit to recover salary or wages earned by the plaintiff, but it is a suit for an accounting under an alleged partnership agreement; and the measure of recovery, if there should be recovery in the case, should be this: She would be entitled to fifty per cent. of the value of the assets of the partnership at the time of the alleged occurrence when she alleged she was put out of the business, and she would be entitled to fifty per cent. of the net profits of the business from the time the contract was made, if it was made, up to the time that she alleged that she was put out of the business by the defendant." The criticism of this charge, not disposed of in the first division of this opinion, is that the jury should have been instructed that, if they believed there were three partners and not two, the plaintiff's recovery would be one third and not one half of the value of the assets of the partnership. The plaintiff contends that there were two partners, herself and George Zerounis. The defendants contend that the partnership was composed of George and Nick Zerounis. There was no contention by any of the parties at interest that the partnership was composed of three people. There is no merit in this exception to the charge.

■ The third special ground complains of the following excerpt from the charge: "Where a party has evidence in his power and within his reach by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his or her power, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded, but this presumption may be rebutted." It is not contended that the excerpt did not state correctly an abstract principle of law. It is contended that the charge was not adjusted to the evidence. There was evidence that the defendants had failed to produce certain records of the business called for in a notice to produce. The records called for would appear to have been material evidence. There is no merit in this exception.

■ The fourth special ground complains of the following excerpt from the charge: "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. Before contradictory statements may be proved against such witness, unless they are written statements made under oath in connection with some judicial proceedings, the time, place, person, and circumstances attending the former statement shall be called to his or her mind with as much certainty as possible, and if in writing, the same shall be shown to him or her, or read to him or her, if in existence; and to lay this foundation, such witness may be recalled at any time. When thus impeached, such witness may be sustained by proof of general good character, the effect of the evidence to be determined by the jury." This excerpt states a correct abstract principle of law. We doubt that it was applicable in this case; yet it was applied alike to both parties, and, if no other error appeared, would not be error requiring the grant of a new trial.

From what has been said above, it follows that the judgment denying a new trial was error.

*Judgment reversed. All the Justices concur.*