## 54401. WILKINSON v. WALKER.

SMITH, Judge.

Walker sued for an amount allegedly due him under a purchase agreement covering certain farm equipment Wilkinson had bought. Wilkinson counterclaimed that Walker had fraudulently represented to him the fitness of a cotton picker included in the alleged purchase agreement and that Wilkinson, in relying thereon, had suffered damages. Wilkinson appeals from the grant of summary judgment against him on his counterclaim sounding in fraud. We affirm.

The evidence was undisputed that Wilkinson was quite familiar with the cotton picker involved and that, during the period of time prior to his supposed purchase of the machine from Walker, "the picker had been working on his [Wilkinson's] farm for the better part of two crop years." Wilkinson testified, by affidavit, that he accepted the machine only in reliance upon Walker's representation that "the Cotton Picker was in good condition and would satisfactorily pick cotton." Wilkinson further stated that now the cotton picker "was totally worn out."

1. Since the evidence showed that as a matter of law Wilkinson could not recover for fraud, the trial court did not err in granting summary judgment against him on his

counterclaim. In a case involving an alleged representation almost identical to the one here, the court held the trial court properly granted summary judgment against the party claiming fraud. There, the court reasoned: ". . . the oral statements made by Smith, that the car was in good condition and suitable for driving were mere sales 'puffing.' [Cits.] The statement was that of an opinion not a statement of fact. [Cits.] The statement of an opinion cannot constitute the basis for a claim of fraud." *Randall v. Smith,* 136 Ga. App. 823, 824 (222 SE2d 664) (1975). Likewise, the statement here was merely one of an opinion, which cannot form the basis for an action in fraud.

The facts also show that Wilkinson had sufficient opportunity to advise himself as to the machine's quality. "When the means of knowledge are at hand and equally available to both parties to a contract, if one of them does not avail himself thereof he will not be heard to say in impeachment of the contract that he was deceived by the representations of the other." *Sawyer v. Birrick,* 33 Ga. App. 746, 747 (127 SE 806) (1925). The same principle applies in this action in tort. "[M]isrepresentations are not actionable unless the complaining party was justified in relying thereon in the exercise of common prudence and diligence. And where the representation consists of general commendations or mere expressions of opinion, hope, expectation, and the like . . . the party to whom it is made is not justified in relying upon it and assuming it to be true; he is bound to make inquiry and examination for himself so as to ascertain the truth." *Rogers v. Sinclair Refining Co.,* 49 Ga. App. 72, 75 (174 SE 207) (1934). See also *Brown v. Mack Trucks, Inc.,* 111 Ga. App. 164 (141 SE2d 208) (1965).

2. The rule set forth in *Rubel Banking Co. v. Levitt,* 118 Ga. App. 306 (163 SE2d 437) (1968), that the trial court should deny a plaintiff's motion for summary judgment when defendant "urges a legally sufficient counterclaim for an amount in excess of the amount demanded in the petition," does not apply here, where the defendant's counterclaim is *not* legally sufficient (see Division 1). Moreover, that rule applies where a plaintiff has moved for summary judgment to sustain his *own*

claim, not where, as here, a plaintiff has moved for partial summary judgment solely to defeat the defendant's counterclaim.

3. Because of the above holdings, it is unnecessary to consider any further enumerations of error.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED SEPTEMBER 20, 1977 — DECIDED NOVEMBER 14, 1977.

*Steven E. Fanning, George C. Rosenzweig,* for appellant.

*Word, Nicholson & Cook, Reuben M. Word,* for appellee.