## 55993. SHIVERS v. SWEDA INTERNATIONAL, INC.

SMITH, Judge.

The facts showing conclusively that appellant's fraud claim was meritless, we affirm the trial court's grant of appellee's motion for summary judgment.

Appellant, a certified public accountant, brought this suit seeking damages for fraud allegedly practiced upon him by appellee's agent in selling appellant a computer. Appellant claimed that, in order to induce appellant to buy the computer, the agent promised: he would procure Wilson Oil Company, located in Conyers, to be a client of appellant's Atlanta-based accounting service if appellant purchased the machine; software would be available for the computer by a particular time following purchase; the installation and operation of the machine would be "simple and easy." In support of its motion for summary judgment, appellee introduced appellant's deposition, in which appellant said he made no effort whatsoever to inquire of Wilson Oil Co. about its supposed intention to hire his accounting service. Appellant further stated that he had been "unreasonable," "naive," and "very stupid" to rely upon the agent's representation concerning Wilson Oil without verifying it and that the agent had had an "hypnotic effect" upon him. Appellant also deposed that, at the time the supposed representation was made, he understood that the agent did *not* and could *not guarantee* the availability of software by a particular time subsequent to the purchase and that the particular time proposed was merely a "target date." Appellant further stated that the computer was free from defects, that "down time" had been minimal, and that he was "just sick of the machine and . . . couldn't afford it anymore."

All three alleged representations were as to future events, the sort of representations which ordinarily cannot constitute the basis for a claim in fraud. *Rogers v. Sinclair Refining Co.*, 49 Ga. App. 72 (174 SE 207) (1934);

*Monroe v. Goldberg,* 80 Ga. App. 770 (57 SE2d 448). An exception to that rule is where the "future promise" is made with the present intent not to perform the promise or with the present knowledge the promise will not be fulfilled. *Vaughan v. Oxenborg,* 105 Ga. App. 295 (1) (124 SE2d 436) (1962); *Williams v. Southland Corp.,* 143 Ga. App. 111 (1) (237 SE2d 639) (1977). Appellant argues in his brief that the promise concerning Wilson Oil was made with the knowledge it would not be fulfilled. Assuming that was so, nevertheless his fraud claim based on that promise must fail, because appellee showed conclusively that appellant relied on the statement without exercising ordinary diligence to discover the truth thereof. *Wilkinson v. Walker,* 143 Ga. App. 838 (1) (240 SE2d 210) (1977). As to the representations concerning the availability of software and the ease of the computer's installation and operation, the complaint does not allege and the competent evidence does not indicate that either representation was made with the knowledge or intent necessary to invoke the above exception to the general rule. "When the movant for summary judgment presents evidence apparently destroying the plaintiff's cause of action, the movant has met his burden, and the burden then shifts to the plaintiff to present any alternative theories, if such exist, which would support his action and within which genuine issues of fact remain." *Gerald v. Ameron Automotive Centers,* 145 Ga. App. 200, 203 (243 SE2d 565) (1978). Those two representations remained unactionable as "unfulfilled predictions" or "erroneous conjectures." *American Food Services, Inc. v. Goldsmith,* 121 Ga. App. 686, 688 (175 SE2d 57) (1970).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED JUNE 6, 1978 — DECIDED JULY 14, 1978.

*Fred A. Gilbert,* for appellant.
*Gambrell, Russell & Forbes, David A. Handley, Jonathan H. Waller,* for appellee.