## 59039. LYNN v. TAYLOR.

McMURRAY, Presiding Judge.

This case involves a personal injury tort action arising out of a collision of automobiles. However, we are concerned here with the question of proper service of process. Plaintiff, being unable to obtain service on the defendant at Route 2, Cochran, Bleckley County, Georgia, obtained an order appointing a citizen to seek out and make an appropriate return of service on the defendant. Whereupon the defendant was served at her mother's home in Bleckley County, Georgia, by leaving a copy with the defendant's mother, the service being dated May 16, 1979.

The defendant then answered the suit contending that she had not been properly served and that Bleckley County, Georgia, where she was served, is the improper venue for the action. She also moved to dismiss for lack of jurisdiction over the person of the defendant in that she had not been legally served with process, attaching an affidavit of the mother who deposed that her daughter, the defendant, neither resided with nor maintained a permanent dwelling with her "since the month of September, 1973, nor has . . . [she] . . . ever appointed . . . [the mother] . . . as her agent to receive service of process." An affidavit was attached wherein the defendant contends that in June, 1978, she was a resident of Dublin, Laurens County, Georgia; on August 5, 1978, until September, 1978, she resided in Bleckley County, Georgia, and from September, 1978, she had a home in Macon, Georgia, until October, 1978, at which time she moved near Danville, Wilkinson County, Georgia, where she has made her home from October, 1978, until the

present date.

Defendant requested a preliminary hearing at 10 a.m. on July 12, 1979, as to the issue of proper service. At said hearing the court considered the evidence before it including the two affidavits from the defendant and her mother and based on the pleadings, affidavits, and counter-affidavits (which are not here in the record) finding defendant's residence to be in dispute inasmuch as the plaintiff's evidence offered showed the apparent transient nature of the defendant "who evidenced a tendency to move from one locale to another rather frequently and the fact that on one hospital record defendant listed her residence as being that of her mother." The court then found that "defendant was residing in Wilkinson County, Georgia" and not with her mother at the time of service, and granted the motion to dismiss "for insufficiency of process and lack of jurisdiction over the person and improper venue." Plaintiff appeals. *Held:*

The preliminary hearing here was authorized under Code Ann. § 81A-112 (d) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693) and a determination was made based on the facts that there was improper service, therefore lack of venue. The trial court's determination on conflicting evidence will not be disturbed. *Watts v. Kegler,* 133 Ga. App. 231 (211 SE2d 177); *Rainwater v. Vazquez,* 135 Ga. App. 463, 464 (1, 3) (218 SE2d 108).

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED JANUARY 15, 1979 — DECIDED
FEBRUARY 12, 1980.

*John E. James, Anthony A. Wilhoit,* for appellant.
*Dennis Mullis, Duross Fitzpatrick,* for appellee.