61991. PEOPLES BANK OF BARTOW COUNTY v. AUSTIN.

MCMURRAY, Presiding Judge.

This case involves secured transactions (security agreements and financing statements), and the issue of priorities as between two banks making loans and whether the same collateral was used as to the loans. We have for decision the issue of whether on summary judgment the evidence demanded a finding for the plaintiff as to liability. The following facts and circumstances were presented as the evidence in hearing of the motion for summary judgment.

In September 1976, C. E. (Earl) Witcher and Frances H. Witcher

obtained a loan from Peoples Bank of Bartow County. It was secured by bill of sale to secure debt and also by a financing statement filed October 18, 1976, in the Clerk's Office of Polk County Superior Court. The bill of sale included all equipment, inventory and merchandise "located and used in Fran's Restaurant 826 West Elm St. Rockmart, Ga.," more specifically described in the financing statement as "[a]ll inventory, merchandise and equipment . . . including but not limited . . ." to numerous items thereafter set forth. Another promissory note, to this same bank, dated August 18, 1978, referred to the collateral used in operation of Fran's Restaurant at "Atlanta Hwy., Rockmart, Ga.," as "[i]nventory, merchandise and equipment" as there located and secured by a security agreement.

Stanley Austin, Sr., however, contends that he is the owner of certain improved real property located on the Atlanta Highway east of Rockmart, Georgia, which he previously leased to William Millhollan "who had bought many items of merchandise and equipment and used same in the operation of a restaurant" on Mr. Austin's premises. Millhollan had purchased the equipment and merchandise and did so through the First National Bank of Polk County. Mr. Austin signed as a co-signer or guarantor. Subsequently, Millhollan sold out to C. E. Witcher and Frances H. Witcher who took over the restaurant lease.

A "Bill of Sale Security Agreement," dated May 31, 1977, was executed by the Witchers and Austin *in favor of "Liberty National Bank, Cedartown, Georgia,"* and covered "all assets including but not limited to all existing and hereafter acquired fixtures and equipment of Fran's Restaurant and Buffet, formerly known as Sea Food and Steak House." (Emphasis supplied.) Austin contends the Witchers had previously operated a restaurant business known as the "Pleasant Grill," located on West Elm Street, Rockmart, Georgia, but the collateral covered by the note and listed in the security agreement and financing statement in favor of the *First National Bank of Polk County* predates any financing statement on record executed by C. E. (Earl) Witcher and/or Frances H. Witcher in favor of Peoples Bank of Bartow County. Further, at the time of purchase by the Witchers from Millhollan they assumed the indebtedness and the equipment purchased from Millhollan. Thereafter, Frances H. Witcher, d/b/a Fran's Restaurant and Buffet, executed a financing statement, filed in the Clerk's Office of Polk County Superior Court on June 8, 1977, in favor of the First National Bank of Polk County which covered "all assets including but not limited to all existing and hereafter acquired fixtures and equipment of Fran's Restaurant and Buffet, formerly known as Sea Food and Steak House." Mr. Austin contends this occurred after the Witchers had already bought the

other equipment at the "Pleasant Grill," secured by the financing statement with the Peoples Bank of Bartow County. Many items at Fran's Restaurant, 826 West Elm Street, Rockmart, Georgia, were later moved to the new location after the Witchers took over the Millhollan restaurant owned by Mr. Austin.

In 1978 the Witchers departed for Florida owing Mr. Austin $2,100 in rent and leaving him as the accommodation endorser in the purchase of the Millhollan restaurant equipment. Mr. Austin contends he went to the First National Bank of Polk County and reassumed the balance of the indebtedness owed on the property under their security instruments. In the meantime, he learned that the Peoples Bank of Bartow County had obtained a judgment against the Witchers in the State Court of Polk County, including a writ of possession, and the bank had elected to have the property listed in the Witchers' security agreement sold by the sheriff of Polk County through levy and sale. He advised Peoples Bank of Bartow County of his position as accommodation endorser of the loan on the property of the restaurant location on the Atlanta Highway, Rockmart, Georgia, and that he was subrogated to the rights of the First National Bank of Polk County as to the items listed on their financing statement and claimed said property to the exclusion of the Peoples Bank of Bartow County. Needless to say, his efforts were to no avail.

Whereupon, Stanley Austin, Sr., as plaintiff, brought this action for injunction, declaratory judgment, judgment on attachment and damages against C. E. (Earl) Witcher and Frances H. Witcher (seeking to have service accomplished upon them under the Long Arm Statute); and against the duly elected sheriff of Polk County and the Peoples Bank of Bartow County located in Bartow County, Georgia, but alleging it does some business in Polk County. Plaintiff alleges much of the above and foregoing facts in his petition seeking to enjoin the sale by the sheriff, to declare his rights as to the disputed property claimed by him in view of his position as accommodation endorser and subrogee to the rights of the *First National Bank of Polk County;* the adjudication of his complaint against all the defendants and seeking attorney fees against the defendant Peoples Bank because of its unwarranted refusal to cancel said sale and to separate the property subject to their claim despite his proper and timely notice of his claim. The trial court enjoined the sale until further order of the court pending resolution of the conflicting claims as to the ownership of the property, the plaintiff being made responsible for cost of advertising should he not prevail in the action.

The defendant Peoples Bank answered, admitting only that the sheriff was duly subject to the complaint seeking injunctive relief; that it is a Bartow County bank, a Georgia corporation located in

Bartow County, doing business in Polk County; that it has persisted in advertising the sheriff's sale "despite notice of plaintiff's claim to property located in said restaurant," contending it holds a superior security interest in the property claimed by the plaintiff. Defendant bank also contends the complaint fails to set forth a claim upon which relief could be granted, and by counterclaim sought actual and punitive damages as well as attorney fees against the plaintiff based upon its claim of a "valid first lien security interest," the plaintiff having been illegally using the property to the exclusion of the defendant bank. It also filed a separate motion to dismiss.

The Witchers were eventually served under the Long Arm Statute and a default judgment rendered against them after their failure to answer. They are no longer involved in this litigation.

Plaintiff thereafter moved for partial summary judgment against the bank as to liability, and after a hearing, same was granted, the trial court rendering a lengthy order with reference to the rights of the parties. However, the parties, realizing that the motion for summary judgment was rendered without any evidence in support thereof, jointly prayed for an order vacating the judgment and stipulated that the complaint and the exhibits attached, together with the answer and counterclaim, whether verified or not, be "accepted as being tendered in evidence as proof of the facts set out therein." The joint motion requested the court to reconsider the motion for summary judgment. Same was vacated, and the court issued a new order setting forth that it accepted the complaint, amendment thereto, exhibits attached, answer and counterclaim, whether verified or not, as having been tendered in evidence in proof of the facts set out therein. The order of the court also stated that it also considered certain "memoranda submitted" by both parties. The court then set forth its findings with reference to the operation of the restaurant (or restaurants), the proceedings taken, the temporary injunction; and since the plaintiff made no claim to any items listed on the financing statement of the defendant Peoples Bank and being subrogated to all rights which the First National Bank of Polk County had in the Witcher property, the same being a purchase money security interest which was thereby perfected, plaintiff's interest in the disputed collateral had priority over the interest of the defendant Peoples Bank in same. It also denied the motion of defendant Peoples Bank to dismiss and denied its counterclaim, which was ordered dismissed; and permanently enjoining the sheriff from selling the disputed property (claimed by plaintiff) as advertised by the defendant Peoples Bank. The defendant Peoples Bank appeals. *Held:*

1. The appeal having originally been filed with the Supreme

Court, same has been transferred to this court as the equitable issue concerning permanent injunction is ancillary to the declaratory relief sought. The Supreme Court considered the injunction issue to be one of mere form and that the substantive question on appeal (summary judgment) is a legal question over which the Court of Appeals has appellate jurisdiction, citing *Baranan v. Georgia State Board of Nursing Home Administrators,* 239 Ga. 122 (236 SE2d 71), and *Bowery Savings Bank v. DeKalb County,* 239 Ga. 398 (236 SE2d 757). We proceed to consider the enumerations of error based upon the granting of the summary judgment here.

2. It has been stated in appellate decisions too numerous to mention that the burden of proof is upon the moving party in summary judgment proceedings to establish the lack of a genuine issue of material fact and that the movant is entitled to judgment as a matter of law, with all doubts as to the existence of such an issue or issues resolved against the movant. Further, the party opposing the motion is to be given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. See *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442); *Simpson v. Dotson,* 133 Ga. App. 120, 122 (4) (210 SE2d 240).

The opposing party in a summary judgment proceeding is under no duty to present counter evidence in opposition to the motion for summary judgment until the moving party has produced evidence demanding that judgment. See *Durrett v. Tunno,* 113 Ga. App. 839, 842 (2) (149 SE2d 826); *Watkins v. Nationwide Mut. Fire Ins. Co.,* 113 Ga. App. 801, 802-803 (149 SE2d 749); *Benefield v. Malone,* 110 Ga. App. 607, 610 (139 SE2d 500).

In the case sub judice neither party has produced any evidence except to stipulate that the pleadings and exhibits attached be accepted as the evidence here to support and oppose the motion for summary judgment. Plaintiff's evidence involved the petition, as amended, and the various exhibits attached thereto. Defendant bank's evidence as found in its answer denied the complaint as alleged, admitting only certain paragraphs with reference to it, that is, that the sheriff of Polk County is a party defendant and that it "has persisted in advertising the Sheriff's sale, despite notice of plaintiff's claim to property located in said restaurant." Apparently Fran's Restaurant has been operated by the Witchers in two locations, 826 West Elm Street, Rockmart, Georgia, and also Atlanta Highway, Rockmart, Georgia, but this is not an admitted fact. At some time during the operation of restaurants by the Witchers there was a commingling of the inventory, merchandise and equipment, furniture and fixtures upon which the various security agreements were given, but because of the status of the pleadings (in which the

defendant bank has denied plaintiff's claim) we have no way of determining from the record that these two locations are separate and distinct, although we are quite certain that the learned trial judge, the parties and counsel for the parties living in that locality are well aware of same. Further, we call attention to plaintiff's Exhibit C with reference to the so-called note endorsed by the plaintiff for the Witchers with the *"Liberty National Bank, Cedartown, Georgia."* (Emphasis supplied.) Another pleading which is denied by the defendant bank's answer is that the plaintiff endorsed a note with the First National Bank of Polk County. Consequently, the plaintiff's pleadings, which constitute an admission in judicio against him, here establishes his endorsement of a note to one bank yet he pleads the execution of another note along with the Witchers with another bank. See Code § 38-114; *Cheney v. Selman,* 71 Ga. 384 (2); *Field v. Manly,* 185 Ga. 464, 466 (195 SE 406); *Carter v. General Finance &c. Corp.,* 96 Ga. App. 423, 426 (2) (100 SE2d 99); *Grigsby v. Fleming,* 96 Ga. App. 664, 665 (101 SE2d 217); *Mitchell v. Arnall,* 203 Ga. 384, 386 (8) (47 SE2d 258). Under all the facts and circumstances presented solely by the pleadings in this case only a few of which are uncontroverted, the trial court erred in granting summary judgment in favor of the plaintiff. Of course, had the trial court rendered its judgment not upon plaintiff's motion for summary judgment but upon a declaration of rights of the parties without the intervention of a jury under the declaratory judgment statute, Code Ann. Ch. 110-11 (Ga. L. 1945, p. 137), where a jury trial has been waived and the court makes its findings of facts and conclusions of law under Code Ann. § 81A-152 (Section 52 CPA: Ga L. 1969, pp. 645, 646; 1970, pp. 170, 171), the judgment here would have been authorized. However, on motion for summary judgment the evidence must demand the judgment as a matter of law. Of course, under a declaration of rights, if the issues of fact demand the judgment as a matter of law the trial court would have been authorized to have found for the plaintiff in declaring the rights of the parties. However, since the trial court rendered judgment after hearing plaintiff's motion for summary judgment based on the evidence submitted (the pleadings, which are in conflict), the evidence did not demand same.

3. The remaining enumeration of error is that the trial court erred in denying defendant bank's motion to dismiss the complaint which apparently is based upon defendant bank's defense that no claim for relief can be granted and its separate motion to dismiss. The failure to state a claim upon which relief can be granted is a defense that may be heard and determined before trial on application of any party under Code Ann. § 81A-112 (d) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693). If there is

any evidence to uphold the trial court's determination, whether conflicting or otherwise, it will be upheld. See *Watts v. Kegler,* 133 Ga. App. 231 (211 SE2d 177); *Rainwater v. Vazquez,* 135 Ga. App. 463, 464 (1, 3) (218 SE2d 108); *Lynn v. Taylor,* 153 Ga. App. 424, 425 (265 SE2d 344). Further, a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See *Branton v. Gulf Life Employees' Federal Credit Union,* 244 Ga. 528, 529 (260 SE2d 905), and cits. Defendant bank's main contention here is that it should be sued for equitable relief in the county of its residence, that is, where its registered office is maintained, and the petition failed to show jurisdiction of this defendant. However, the pleadings and the evidence disclose that plaintiff was seeking judgment against the defendant Witchers who had absconded from the county, and his petition set forth a justiciable controversy as to the property the sheriff of the county was seeking to sell. The petition set forth a claim for equitable and declaratory relief to enjoin the sheriff in that sale as well as to declare the rights of the parties. See *Continental Oil Co. Agrico Chemical Co. Div. v. Sutton,* 126 Ga. App. 78, 80 (1) (189 SE2d 925); *Concrete Coring Contractors v. Mechanical Contractors & Engineers, Inc.,* 220 Ga. 714, 719 (141 SE2d 439); *Davis v. Logan,* 206 Ga. 524, 526 (4) (57 SE2d 588); *Ballard v. Waites,* 194 Ga. 427 (21 SE2d 848); *Mock v. Darby,* 109 Ga. App. 620 (137 SE2d 81). The trial court did not err in denying the motion to dismiss.

*Judgment affirmed in part and reversed in part. Quillian, C. J., and Pope, J., concur.*

DECIDED JULY 9, 1981.

*Marson Dunaway,* for appellant.
*W. J. Perry,* for appellee.