## 66658. U-HAUL COMPANY OF WESTERN GEORGIA v. DILLARD PAPER COMPANY et al.

SOGNIER, Judge.

U-Haul Company of Western Georgia (U-Haul) sued Dillard Paper Company (Dillard) and Draper-Owens Company (Draper-Owens) to recover damages for fraud by misrepresentation and concealment in the sale of a warehouse building to U-Haul. The building was constructed in 1949 and two floors were added in 1954. Dillard purchased the building in 1960, occupied it until 1974, and sold it to U-Haul in 1976. Draper-Owens was the real estate broker for both the 1960 and the 1976 sales transactions. In 1979, U-Haul discovered that the exterior walls of the building were bowing outward and were in danger of collapsing. Detailed facts concerning the structural defects in the building are contained in *U-Haul Co. v. Abreu & Robeson, Inc.,* 156 Ga. App. 72 (274 SE2d 26) (1980), affirmed 247 Ga. 565 (277 SE2d 497) (1981) (action against architects for negligent design). Dillard and Draper-Owens filed motions for summary judgment which the trial court granted. U-Haul appeals.

Appellant contends that the trial court erred by granting appellees' motions for summary judgment because issues of fact remain as to appellees' fraud. We do not agree.

" ' "The five elements of fraud and deceit in Georgia are: (1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff." ' [Cit.]" *U. S. Life Title Ins. Co. v. Hutsell,* 164 Ga. App. 443, 447 (296 SE2d 760) (1982).

We turn first to the essential element of scienter. Appellant relies primarily upon evidence of certain repairs to the building, including the addition of knee braces, pilasters, and grouting in gaps between the walls and floors, to show that appellees had knowledge of

the structural defects. These repairs were made before appellant purchased the building, and viewed in the light most favorable to appellant, *Peoples Bank v. Austin,* 159 Ga. App. 223, 227 (2) (283 SE2d 81) (1981), were attempts either to repair or to conceal the outward movement of the walls. However, appellant presented no evidence to controvert appellees' testimony that these repairs were not made while Dillard owned the building and that neither Dillard nor Draper-Owens was aware of the existence of such repairs or of the structural problems that necessitated them. Expert witnesses testified that they were unable to determine when the repairs had been made. Further, there was no evidence showing any connection between those repairs Dillard did make during its ownership, including waterproofing the exterior walls, and the repairs related to the structural problems. Appellant relies upon *Bill Spreen Toyota v. Jenquin,* 163 Ga. App. 855, 858 (3) (294 SE2d 533) (1982) and *Tolar Constr. Co. v. GAF Corp.,* 154 Ga. App. 127, 129 (267 SE2d 635) (1980), reversed on other grounds, 246 Ga. 411 (271 SE2d 811) (1980), to assert the existence of a fact question. However, in contrast with the instant action, these are cases in which there was some evidence of knowledge on the part of the vendor. Here, the evidence is uncontroverted that neither appellee had knowledge of the structural defects in the building.

Appellant contends that it relied to its detriment upon false representations concerning the condition of the building. The issue of fraud by misrepresentation concerns only appellee Draper-Owens, as the evidence makes clear that no representations concerning the building's condition were made by Dillard. The alleged misrepresentations made to appellant by Draper-Owens consisted of statements that the building was of "excellent construction and had been well maintained," that it was "one of the best warehouse buildings in the City of Atlanta," and that the building was sound. These statements are expressions of opinion, general commendations, and sales puffing. See *Charter Medical &c. Co. v. Ware Manor,* 159 Ga. App. 378, 383 (283 SE2d 330) (1981); *Wilkinson v. Walker,* 143 Ga. App. 838, 839 (240 SE2d 210) (1977). The statement of an opinion cannot constitute the basis for a claim of fraud. *Randall v. Smith,* 136 Ga. App. 823, 825 (222 SE2d 664) (1975).

Further, one who relied upon the representations of another diligence, to discover the truth. *Blanchard v. West,* 115 Ga. App. 814, 815 (156 SE2d 164) (1967). " 'And where the representation consists of general commendations or mere expressions of opinion . . . the party to whom it is made is not justified in relying upon it and assuming it to be true; he is bound to make inquiry and examination

for himself so as to ascertain the truth.' [Cit.]" *Wilkinson, supra.* Appellant contends that a jury question exists as to whether it exercised proper diligence under the circumstances. We do not agree. Appellant did not employ a structural engineer to examine the building before purchasing it in 1976. Yet, according to the uncontroverted testimony of several expert witnesses, the defects could have been discovered at the time of purchase had the building been inspected by a structural engineer. Further, the evidence demonstrated that appellant was not prevented from investigating the premises prior to executing the purchase agreement and made frequent visits to the building during this period. Thus, the evidence established conclusively that appellant failed to exercise ordinary diligence to discover the truth of any representations concerning the building. *Shivers v. Sweda Intl.,* 146 Ga. App. 758 (247 SE2d 576) (1978); *Wilkinson, supra.* See *Bimbo Builders v. Stubbs Properties,* 158 Ga. App. 280, 281 (1) (279 SE2d 730) (1981).

As there were no actionable misrepresentations, we turn to appellant's contentions that questions for the jury remain as to appellees' alleged fraudulent concealment. In cases of passive concealment by the seller of defective realty, "the buyer must prove that the vendor's concealment of the defect was an act of fraud and deceit, including evidence that the defect 'could [*not*] have been discovered by the buyer by the exercise of due diligence ... [and that the] seller was ... aware of the problems and did not disclose them ...' [Cit.]" *Lively v. Garnick,* 160 Ga. App. 591, 592-593 (287 SE2d 553) (1981). See *Wilhite v. Mays,* 239 Ga. 31, 32 (235 SE2d 532) (1977); *Southern v. Floyd,* 89 Ga. App. 602 (80 SE2d 490) (1954). On motion for summary judgment, the burden was upon appellees as movants to present evidence destroying appellant's cause of action. *Shivers, supra* at 759. The uncontroverted evidence adduced on motion for summary judgment established that neither Dillard nor Draper-Owens was aware of the structural defects. Further, because the defects were discoverable by appellant's exercise of reasonable diligence to investigate and inspect, they cannot serve as the basis for holding appellees liable in fraud for concealing them. *Lively, supra* at 593. See *Levine v. Peachtree-Twin Towers Co.,* 161 Ga. App. 103, 104 (1) (289 SE2d 306) (1982).

"Appellees pierced appellant's pleadings by showing that essential elements of fraud and misrepresentation were lacking, and irrespective of any issues of fact with regard to other essential elements the appellees were entitled to a summary judgment as a matter of law. [Cit.]" *Clements v. Warner Robins Supply Co.,* 235 Ga. 612, 614 (221 SE2d 35) (1975). See also *Shivers, supra* at 759; *Wilkinson, supra* at 838.

The trial court did not err in granting appellees' motions for summary judgment.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 29, 1983 —
REHEARING DENIED DECEMBER 14, 1983.

*George H. Connell, Jr.,* for appellant.

*John H. Fleming, Jeffrey S. Muir, D. Robert Cumming, Jr., Earle B. May,* for appellees.