72184, 72186. GHEE v. KIMSEY et al. (two cases).
72185. KIMSEY et al. v. GHEE.
(346 SE2d 888)

BENHAM, Judge.
Ghee sued Kimsey, G & K Food Marts, Inc., and Staffins, seeking various forms of relief and recovery. The suit arose from a grocery business in which Ghee alleges he was a partner with Kimsey and Staffins, and from his claim that he had certain rights of ownership in G & K Food Marts, Inc.

1. The essential issue in Case Nos. 72184 and 72186, which are appeals from summary judgment for the defendants, is whether there was a partnership. The trial court's grant of summary judgment established that there was not.

Ghee persistently alleged throughout this litigation in pleadings, affidavits, and a deposition, that he was a partner in the grocery business by virtue of an express agreement with Kimsey. Kimsey denied that he had made any such agreement and swore that he and Staffins were partners in the first of the two grocery businesses involved here. Staffins denied being in a partnership with either Ghee or Kimsey.

"A partnership may be created either by written or parol contract . . . ." Former OCGA § 14-8-20. (The Uniform Partnership Act, OCGA Ch. 14-8, was enacted by Ga. L. 1984, p. 1439, and was effective April 1, 1985, but has no bearing on this case since the action here was commenced in 1984, prior to the effective date of the Uniform Partnership Act. See OCGA § 14-8-4 (e).) It is readily apparent that there is a question of fact concerning the existence of a contract creating the various partnerships asserted by Ghee and Kimsey. Pointing to Ghee's admission that he had not contributed any capital to the partnership or shown any ownership of alleged partnership assets, the defendants put great emphasis on the second part of former § 14-8-20: "or it may arise from a joint ownership, use, and enjoyment of the profits of undivided property, real or personal." They also rely

on the statement in *Escoe v. Johnson*, 110 Ga. App. 252 (138 SE2d 330) (1964), to the effect that the parties to a partnership must put into the enterprise property, money, or something of value other than mere personal services. Both those arguments are answered by the Supreme Court's opinion in *Huggins v. Huggins*, 117 Ga. 151 (2, 3) (43 SE 759) (1903). "[T]his provision of the code as to joint ownership is not intended . . . as an exhaustive statement as to how partnerships arise inter se. The real test is the intention of the parties. If there has been no express agreement, or if proof of an express agreement is inaccessible, the law will infer a partnership from certain facts connected with a joint undertaking. But there is no need for inference when the parties have themselves entered into an express contract on the subject; and hence the importance of the first clause of [former OCGA § 14-8-20], which provides that 'a partnership may be created either by written or parol contract.' " Id. at 155. As to the argument that Ghee contributed nothing but personal service, we note that he testified on deposition that he drew no salary, taking only funds for certain expenses and leaving the rest in the partnership as capital. In *Huggins*, the court stated in the third headnote and explained in the body of the opinion the factual basis for the holding as follows: "If one who originally contributed no capital, but was to receive a part of the profits as compensation for his services, permits a portion of such profit to remain in the business as firm assets, he thereby acquires a joint ownership in the undivided property, and becomes a partner within the meaning of the last clause of [OCGA § 14-8-20]." There, as here, it was claimed that the less senior partner left in the firm that which his services had produced.

Defendant's reliance on the holding in *Zerounis v. Berry*, 199 Ga. 410 (34 SE2d 275) (1945), that the existence of a partnership cannot, as against one denying it, be shown by the declarations of another alleged partner, is misplaced. The issue there was a jury instruction regarding statements of the partners. The party asserting partnership had not shown any statements by the other alleged partners recognizing a partnership, but had introduced evidence that she had made statements to others regarding the existence of a partnership. Ghee, on the other hand, is asserting that Kimsey expressly agreed to a partnership and held them out to others as partners.

It appears, then, that a question of fact exists insofar as the existence of a partnership between the various parties is concerned. It was, therefore, error for the trial court to grant summary judgment to the defendants on that issue. Accordingly, insofar as Ghee's claims of partnership are concerned, the grant of summary judgment is reversed.

2. Defendants point out correctly that Ghee has made no argument and has cited no authority concerning the propriety of summary

judgment on the issue of his entitlement to part ownership of the corporate party, G & K Food Marts, Inc. Accordingly, that issue is deemed abandoned under the rules of this court. See *Haskins v. Jones*, 142 Ga. App. 153 (235 SE2d 630) (1977). Insofar as the grant of summary judgment concerned that claim, it is affirmed.

3. In Case No. 72185, Kimsey and G & K Food Marts, Inc., appeal from the trial court's denial of their motion for summary judgment with regard to Ghee's claims based on quantum meruit and fraud.

A. "Ordinarily, when one renders service or transfers property which is valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof." OCGA § 9-2-7. Although Ghee claims he expected that the compensation was to be in the form of an ownership interest in the business, it is abundantly clear from his affidavits and deposition that he expected compensation for the service he performed. Thus, the defendants' reliance on *Addison v. Southern R.*, 108 Ga. App. 314 (132 SE2d 833) (1963), is misplaced. There, the plaintiff performed services valuable to the defendant, but did so without expectation of compensation because he was employed by another. There is no evidence that Ghee did not expect anything for his services. The issue of his entitlement to compensation under the theory of quantum meruit was properly retained for jury resolution.

B. In arguing that summary judgment should have been given them on Ghee's fraud claim, defendants raise two arguments: that any promises of partnership related to future events and are, therefore, not actionable; and that Ghee had a duty to exercise diligence to discover the truth of any statements concerning his interest in the business. *Shivers v. Sweda Intl.*, 146 Ga. App. 758 (247 SE2d 576) (1978).

A review of Ghee's testimony by deposition and affidavit shows that the argument as to future promises is without merit. Ghee swears that Kimsey assured him while he was working in the grocery business that they were partners. Thus, the promises related to the present existence of that relationship, not some future relationship.

Nor do we find support for the argument that, as a matter of law, Ghee failed to exercise ordinary diligence to determine the truth. That question is ordinarily one for the jury. *Braselton Bros. v. Better Maid &c.*, 222 Ga. 472 (150 SE2d 620) (1966). Here, Ghee swore that he made no such inquiries because of Kimsey's repeated assurances and that he accepted Kimsey's explanation that certain actions inconsistent with a partnership were taken for tax avoidance reasons, relying on Kimsey's greater experience in business. Under those circumstances, the record does not show defendants to be entitled to judgment on Ghee's fraud claim as a matter of law.

*Judgment affirmed in part, reversed in part in Case Nos. 72184 and 72186; judgment affirmed in Case No. 72185. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 20, 1986.

*J. Wayne Moulton*, for appellant (case nos. 72184, 72186).
*William V. Hall, Neil L. Heimanson*, for appellees.
*Neil L. Heimanson*, for appellants (case no. 72185).
*William V. Hall, J. Wayne Moulton*, for appellee.