6667.  ATLANTIC COAST-LINE RAILROAD COMPANY *v.*
HENDERSON ELEVATOR COMPANY.

WADE, C. J.  1.  "If the consignee rejects the goods, the carrier's liability
as such ceases, and he becomes liable as warehouseman.  As such ware-
houseman he is chargeable with the duty of notifying the consignor of
the consignee's refusal to accept the goods, and with the further duty
of holding the same subject to the order of the consignor."  *Alabama
Great So. R. Co.* v. *McKenzie,* 139 *Ga.* 410, 411, 412 (77 S. E. 647, 45
L. R. A. (N. S.) 18).  See also *American Sugar Refining Co.* v. *McGhee,*
96 *Ga.* 27 (21 S. E. 383); Nashville &c. Ry. *v.* Dreyfuss-Weil Co., 150
Ky. 333 (150 S. W. 321).

2.  "An exception to a refusal to allow a witness to answer a specified ques-
tion presents no assignment of error with which this court can deal,
when it does not appear what answer was expected.  This is essential
in order that the relevancy and materiality of the question may be
passed upon."  *Scott* v. *Maddox,* 113 *Ga.* 795 (4), 799 (39 S. E. 500,
84 Am. St. R. 263).  If it does not appear what the witness would have
answered, it can not be determined whether the exclusion of the answer
was harmful.  For this reason the first ground of the amendment to
the motion for a new trial can not be considered.

3.  An assignment of error upon the ground that the verdict was contrary
to a specified part of the charge of the court is in effect a complaint
that the verdict was contrary to law; and such an exception "does not
present for decision any legal question.". *Napier* v. *Burkett,* 113 *Ga.*
607 (38 S. E. 941); *Wight* v. *Schmidt,* 111 *Ga.* 858 (36 S. E. 937);
*Roberts* v. *Keeler,* 111 *Ga.* 181, 186 (36 S. E. 617).

4.  There is no merit in the 3rd ground of the amendment to the motion for
a new trial, as there was evidence from which the jury were authorized
to infer a refusal on the part of the Chatham Mills Company (the order-
notify-consignee) to pay the draft, including the admission to that effect
in a paragraph of the plea, which, though afterwards stricken by the
defendant, was formally tendered and admitted in evidence in behalf of
the plaintiff.  In the light of the entire charge and the testimony, this
excerpt contains no reversible error.

5.  The court did not err in charging the jury that "railroad companies as
common carriers can not excuse themselves for the loss of property,
except it be by the act of God or public enemy."  Conceding that the
relation of carrier had ceased and that of a warehouseman had com-
menced, the court, in the charge as a whole, clearly differentiated the
responsibility of a common carrier from that of a warehouseman.

6.  The court erred in charging the jury that if they should find that the
defendant was liable, the verdict would be, "We, the jury, find for the
plaintiff in the sum of $392.90, with interest at the rate of seven per
cent. per annum from February 9, 1911."  The demand was unliqui-
dated, since it was not fixed by agreement between the parties or by
operation of law, and the value of the lost commodity was dependent
upon the market price.  The demand being unliquidated, the allowance
of interest was within the discretion of the jury, and, while they may

have increased the damages by an allowance of interest, the amount so allowed should have been included in one gross sum as damages, and not separately specified by the verdict. *Tifton &c. Railway Co.* v. *Butler*, 4 *Ga. App.* 191 (60 S. E. 1087); *Mayor &c. of Milledgeville* v. *Stembridge*, 139 *Ga.* 692 (3), 693 (78 S. E. 35); *Central Ry. Co.* v. *Hall*, 124 *Ga.* 323 (12), 338 (52 S. E. 679, 4 L. R. A. (N. S.) 898, 110 Am. St. R. 170, 4 Ann. Cas. 128). See also *Council* v. *Hixon*, 11 *Ga. App.* 818 (76 S. E. 603).

(a) The further objection to this excerpt from the charge, urged in the brief of counsel for the plaintiff in error, that the verdict was misdirected as to the principal amount, because the invoice price shown was the price at the point of shipment, and the court directed a verdict for this amount, plus interest, though the true measure of damages should have been the value of the goods at destination, less freight, can not be considered, for the only ground of objection in the motion for a new trial as to this part of the charge is that relating to the allowance of interest.

7. Except as indicated in the foregoing ruling as to the allowance of interest, the court did not err in overruling the motion for a new trial, and the judgment is affirmed, with direction that the plaintiff write off the interest from the verdict and judgment.

*Judgment affirmed, with direction.*

DECIDED JUNE 26, 1916.

Action for damages; from city court of Savannah—Judge Davis Freeman. April 21, 1915.

*P. W. Meldrim, Shelby Myrick,* for plaintiff in error.

*Osborne, Lawrence & Abrahams,* contra.