## 59733. DAVIS v. CARPENTER et al.

CARLEY, Judge.

This appeal arises out of a contractual dispute between appellant H. G. Davis, Jr., and appellees R. M. Hurst and W. C. Carpenter, Jr. Appellant employed appellee Hurst as the contractor in charge of the construction of a new wing of a nursing home located on appellant's property in Tifton, Georgia. Appellee Carpenter served as Hurst's electrical subcontractor on the project.

In the latter part of 1973, appellant began discussing with Hurst the possibility of adding a wing to the nursing home in Tifton. Shortly after this discussion, appellant provided Hurst with a set of preliminary plans for the addition. Although the plans were marked "For Private Use Only, Not for Construction," the parties have agreed that these plans formed the basis for the original agreement between appellant and Hurst as to the contract price.

Appellant and Hurst traveled to Macon to meet with the architect of the project in order to settle the details of the impending construction. The specific changes and details discussed in this meeting were later incorporated into a final set of plans, each page of which was signed by Hurst. In addition, appellant and Hurst also executed a written contract setting out the specific terms of the

construction agreement.

The instant action arose from a dispute which occurred between appellant and Hurst concerning one of the payments due Hurst under the construction agreement. This dispute quickly escalated into bitter disagreements between the parties as to the satisfaction of their relative obligations. Subsequent to these disagreements, appellant ceased making further payments to Hurst. As a result, Hurst was unable to pay Carpenter, who brought suit against appellant and Hurst to recover the value of the labor and materials used to complete the wiring and other electrical work done on the new wing. Hurst in turn admitted partial liability to Carpenter but cross-claimed against appellant for the unpaid balance due under the construction agreement. Appellant counterclaimed against Hurst and Carpenter, contending that both parties had failed to satisfactorily complete their obligations under the written contract. The jury returned verdicts for Carpenter and Hurst and against appellant.

1. In his first enumeration of error appellant contends that the trial court erred in charging the jury on the application of the law of confidential relationships to the contractual obligations between the parties in the instant case. More specifically, appellant asserts that the evidence presented in this case did not authorize the trial court to submit to the jury the question of whether, at the time of the signing of the written contract, there existed between appellant and Hurst a confidential relationship which might have affected the relative rights and obligations of the parties.

Code Ann. § 37-707 defines "confidential relations" as follows: "Any relations shall be deemed confidential, arising from nature or created by law, or resulting from contracts, where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another; or where, from similar relation of mutual confidence, the law requires the utmost good faith; such as partners, principal and agent, etc."

We find no merit in appellant's contention that the trial court erred in instructing the jury on the principle of confidential relations. Evidence of previous dealings between appellant and Hurst in connection with a number of nursing home projects coupled with evidence of the circumstances surrounding the instant transaction between the parties was sufficient to authorize a charge on "confidential relations" under Code Ann. § 37-707. See *Cochran v. Murrah,* 235 Ga. 304, 307 (219 SE2d 421) (1975).

2. Appellant next asserts that the jury's awards of prejudgment interest to Hurst and Carpenter were improper because their claims were not for liquidated damages and thus did not fall within the

provisions of Code Ann. § 57-110.

We find that the award of prejudgment interest to Carpenter was in fact impermissible in the instant case. A review of the evidence indicates that the only permissible basis for recovery by Carpenter against Davis was in quantum meruit. The trial court's charge authorized the jury to find for Carpenter and against appellant solely under a quantum meruit theory. Since damages awarded pursuant to a claim based on quantum meruit are considered to be *unliquidated* damages, see *Noble v. Hunt,* 95 Ga. App. 804 (6) (99 SE2d 345) (1957), appellant is correct in his contention that the damages awarded to Carpenter were unliquidated in nature.

"The demand being unliquidated, the allowance of interest was within the discretion of the jury, and, while they may have increased the damages by an allowance of interest, the amount so allowed should have been included in one gross sum as damages, and not separately specified by the verdict." *Atlantic C. L. R. Co. v. Henderson Elevator Co.,* 18 Ga. App. 279 (6) (88 SE 101) (1916). In the instant case the jury added the phrase "Plus Int." to the provision of the verdict form allowing recovery from appellant by Carpenter. As a result, the award of prejudgment interest on the unliquidated damages recovered by Carpenter was improper.

We find no error in the award of prejudgment interest to Hurst, however. The contractual claim asserted by Hurst against appellant was for a fixed amount which had become due and payable to Hurst on a set date. Appellant's reliance on the fact that the jury returned a verdict for Hurst in an amount less than the figure prayed for by Hurst is misplaced, since this fact in no way necessarily converted the claim for an otherwise liquidated amount into a claim for an uncertain and, therefore, unliquidated amount. See *Recordex Corp. v. Southeastern &c. Inc.,* 147 Ga. App. 79 (1) (248 SE2d 159) (1978); *Haygood v. Smith,* 80 Ga. App. 461 (56 SE2d 310) (1949). Consequently, the jury was authorized to add prejudgment interest to the award of liquidated damages to Hurst.

3. In his third enumeration of error, appellant contends that "[t]he verdict and judgment in favor of the cross-plaintiff Hurst and against appellant is contrary to the evidence." We disagree. The record in this case contains abundant evidence, both testimonial and documentary, upon which the jury could reasonably have premised its verdict for Hurst. "If there is any evidence to sustain the verdict of a jury, this court will not disturb it." *Worn v. Sea-Cold Services,* 135 Ga. App. 256 (2) (217 SE2d 425) (1975). This enumeration of error is without merit.

4. The disposition of appellant's first three enumerations of error in Divisions 1, 2 and 3 of this opinion renders separate

consideration of the fourth enumeration unnecessary.

The judgment of the trial court is affirmed with the direction that the interest portion of the judgment in favor of appellee Carpenter be stricken.

*Judgment affirmed with direction. Quillian, P. J., and Shulman, J., concur.*

ARGUED MAY 12, 1980 — DECIDED JUNE 26, 1980 — REHEARING DENIED JULY 15, 1980 —

*G. Stuart Watson,* for appellant.

*Ralph F. Simpson, Bob Reinhardt, Clarence A. Miller,* for appellees.