36667. DAVIS v. CARPENTER et al.

CLARKE, Justice.

We granted certiorari to review the holding in Division 1 of the Court of Appeals in *Davis v. Carpenter,* 155 Ga. App. 301 (270 SE2d 810) (1980), which held the law of confidential or fiduciary relationships was applicable to a suit on a construction contract executed between Hurst, the builder, and Davis, the property owner.

Davis contracted with Hurst to build an addition to a nursing home. The evidence showed that Hurst and Davis had previous dealings on several similar nursing home projects, although it had been five years since the last transaction. A written contract had been executed and when disputes resulted in a lawsuit, Davis contended Hurst had not complied with certain building specifications incorporated in the contract. Hurst insisted he had an understanding with Davis that other specifications and procedures could be

followed.

The trial court charged the jury on Code Ann. § 37-707: "Any relations shall be deemed confidential, arising from nature or created by law, or resulting from contracts, where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another; or where, from similar relation of mutual confidence, the law requires the utmost good faith; such as partners, principal and agent, etc." The jury was then charged that if they found the relationship between Hurst and Davis to be confidential, then Hurst would not be bound by the terms of the written contract if he had justifiably relied on representations made to him by Davis. The jury returned a verdict in favor of Hurst and the subcontractor involved in the suit, Carpenter.

The Court of Appeals found that evidence of prior dealings and testimony about the transaction in question authorized the court's charge on Code Ann. § 37-707, citing *Cochran v. Murrah,* 235 Ga. 304 (219 SE2d 421) (1975). We disagree. In *Cochran,* we found that the confidential relationship between a farm employee and the farm owner created an exception to the rule that one is bound by the terms of a contract he signs, even if it isn't read first. *Cochran* involved an employer-employee relationship wherein the employee relied on the employer for housing, trusted the employer to pay him whatever salary was due and where the employer had misrepresented the document he asked the employee to sign. We found the employee could be justified in relying on the misrepresentation due to the relationship in that case.

The facts in this case do not evidence a relationship where one party is in a position to "exercise a controlling influence over the will, conduct, and interest of another." The parties to this transaction are businessmen who have dealt with each other in the past. Hurst contends that the specifications now insisted upon by Davis were never intended by either party to control the construction project. While the facts of this case may result in an excused deviation from specifications in the written document, or evidence a mutual departure from its terms, the formalities of the written agreement may not be excused on the theory of a confidential or fiduciary relationship between these two businessmen whose relationship is based on prior business transactions over the years. Accordingly, appellant's motion for new trial based upon the improper charge on Code Ann. § 37-707 should have been granted.

*Judgment reversed. All the Justices concur, except Jordan, C. J., who concurs in the judgment only. Gregory, J., not participating.*

DECIDED FEBRUARY 17, 1981.

*Watson, Spence, Lowe & Chambless, G. Stuart Watson,* for appellant.

*Ralph F. Simpson, Clarence A. Miller,* for appellees.