## 69456. SOUTHERN TRUST INSURANCE COMPANY v. BRANER.
### (329 SE2d 569)

McMURRAY, Presiding Judge.

On April 5, 1982, a dwelling, belonging to plaintiff Braner, was destroyed by fire. At the time of the fire the dwelling was insured by defendant Southern Trust Insurance Company.

After defendant neither paid nor denied his claim plaintiff filed the instant action. In *Southern Trust Ins. Co. v. Braner*, 169 Ga. App. 567 (314 SE2d 241), we affirmed the grant of summary judgment in favor of plaintiff Braner. Following a jury trial on the remaining issues as to damages, the judgment was entered and defendant Southern Trust Insurance Company appeals. *Held*:

1. Defendant contends the trial court erred in charging the jury in regard to, and in entering a judgment awarding, prejudgment interest on plaintiff's claims for loss of unscheduled property, debris removal and additional living expenses. As the amount due plaintiff under each of these claims was in dispute, it was only after the judgment upon the verdict that these claims became liquidated. See *Lincoln Lumber Co. v. Keeter*, 167 Ga. 231, 236 (2) (145 SE 68); *B. G. Sanders & Assoc. v. Castellow*, 154 Ga. App. 433, 434 (1) (268 SE2d 695).

"The demand being unliquidated, the allowance of interest was within the discretion of the jury, and, while they may have increased the damages by an allowance of interest, the amount so allowed should have been included in one gross sum as damages, and not separately specified by the verdict." *Atlantic Coast-Line R. Co. v. Henderson Elevator Co.*, 18 Ga. App. 279 (6) (88 SE 101). In the case sub judice, the jury separately stated the interest awarded pursuant to the trial court's instructions. The award of prejudgment interest on the unliquidated damages recovered by plaintiff was improper and the trial court's instructions as to this issue were erroneous. *Atlantic Coast-Line R. Co. v. Henderson Elevator Co.*, 18 Ga. App. 279 (6), supra; *Davis v. Carpenter*, 155 Ga. App. 301, 303 (2) (270 SE2d 810), rev'd on other grounds 247 Ga. 156 (274 SE2d 567). See also *Firemen's Ins. Co. v. Oliver*, 182 Ga. 212 (184 SE 858).

2. It is unnecessary to consider the remaining enumerations of error addressing the sufficiency of the evidence which may not be the same in a subsequent trial of the case. *Peak v. Cody*, 113 Ga. App. 674, 676 (5) (149 SE2d 519).

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 12, 1985 —
REHEARING DENIED MARCH 28, 1985 —

*Dana F. Braun, Stanley M. Karsman,* for appellant.
*William J. Neville, Jr., George N. Skene, Mary Skene,* for appellee.