70897, 71104. WATSON v. DUNAWAY; and vice versa.
(338 SE2d 28)

BANKE, Chief Judge.

Marson G. Dunaway, Jr., an attorney, brought this action against Thatcher Watson and the Macon-Bibb Taxpayers League, an unincorporated association, to recover a fee allegedly owed him for legal services rendered. He also sought to recover pre-judgment interest pursuant to OCGA § 7-4-15 and attorney fees as expenses of litigation pursuant to OCGA § 13-6-11. The trial court entered summary judgment in favor of Dunaway for the amount of the claimed indebtedness but, in a separate ruling, rejected his claim for attorney fees and pre-judgment interest. Watson appeals the former ruling, and Dunaway the latter.

In May or June of 1980, Watson and Dunaway executed a written agreement whereby Dunaway agreed to provide legal services to the Macon-Bibb Taxpayers League at certain specified rates of compensation. Watson signed the agreement on behalf of the league, in his capacity as chairman. In support of his motion for summary judgment, Dunaway submitted an itemized statement of account, specifying his services and expenses for the period from May 9, 1980, through January 19, 1982. This statement showed that three separate payments totaling $7,200 had been made on the account, leaving a remaining balance of $4,245.07, which was the amount awarded Dunaway on motion for summary judgment.

In opposition to the motion for summary judgment, Watson filed an affidavit denying that Dunaway had performed the contract in accordance with its terms and conditions and asserting that some of the charges set forth in the statement constituted "double billing," while others were "exhorbitant." Although Dunaway acknowledged having represented five other clients in matters involving similar issues during the period in question, he submitted no evidence to refute Watson's averment of double billing nor any evidence to establish that the charges set forth in the itemized statement were in accordance with the rates of compensation set forth in the contract. *Held*:

1. One who purports to act as an agent for a non-existent principal, such as an unincorporated association, a club, or a committee, renders himself personally liable on any contract which he makes on behalf of the purported principal. See *Hagan v. Asa G. Candler, Inc.*, 189 Ga. 250 (5 SE2d 739) (1939); *Brown-Wright &c. Corp. v. Bagen*, 112 Ga. App. 300 (3) (145 SE2d 294) (1965); *Shiflett v. John W. Kelly & Co.*, 16 Ga. App. 91, 94 (84 SE 606) (1915). Accordingly, there is no question that Watson, as chairman of the taxpayers league, was personally liable to Dunaway for his services performed pursuant to the agreement. However, under the present state of the record, a genuine issue of material fact exists with respect to whether the charges set forth in Dunaway's itemized statement comport with the rate of compensation set forth in the contract. It follows that the trial court erred in awarding summary judgment to Dunaway for the total amount of his claim.

2. Watson contends that under the terms of an addendum to the contract, his total liability was limited to $8,000, with the result that, since payments totaling $7,200 have already been made, his remaining liability cannot exceed $800. The last such payment was made on April 15, 1981; and the addendum, which was drafted by Dunaway, was signed on April 28, 1981. It provided as follows: "The payment for services and expenses rendered and to be rendered by [Dunaway] under the foregoing agreement is hereby made the personal liability of [Watson] in consideration of services rendered in his case *not to exceed $8,000.00 without amendment*." (Emphasis supplied.)

Dunaway contends that the addendum was drafted as a substitute for a promissory note which Watson had agreed to execute to reflect his personal obligation to pay the current balance due, plus any future charges, up to a maximum of $8,000. Watson, on the other hand, takes the position that the $8,000 figure was intended to represent the maximum Dunaway was authorized to collect for his services to the league.

The construction of a contract is, in the first instance, a matter for the trial court. See generally OCGA § 13-2-1; *American Cyanamid Co. v. Ring*, 248 Ga. 673 (286 SE2d 1) (1982). However, when the trial court cannot resolve all ambiguities by application of the pertinent rules of construction, the intention of the parties becomes an issue of fact for the jury to resolve. Id. See also *American Cas. Co. v. Crain-Daly Volkswagen*, 129 Ga. App. 576 (2) (200 SE2d 281) (1973). After carefully examining the entire agreement in this case and construing it most strongly against Dunaway, as the draftsman, we hold that an ambiguity exists as to whether the $8,000 limit was intended to be the maximum Dunaway was authorized to collect for his services or the maximum additional amount for which Watson could be held liable, over and above the payments which had already been made.

3. Watson's remaining contentions on appeal are rendered moot by the foregoing.

4. The trial court's denial of Dunaway's claim for attorney fees is necessarily affirmed, in view of our determination that a bona fide controversy exists over liability. Accord *Turner v. Wilmouth*, 161 Ga. App. 2 (2) (288 SE2d 839) (1982).

5. The trial court's denial of Dunaway's claim for pre-judgment interest is also affirmed, as the amount due him is in dispute and will not become certain until fixed by verdict. Accord *Southern Trust Ins. Co. v. Braner*, 174 Ga. App. 247 (329 SE2d 569) (1985); *B. G. Sanders & Assoc. v. Castellow*, 154 Ga. App. 433, 434 (1) (268 SE2d 695) (1980). See also OCGA § 7-4-15.

*Judgment reversed in Case No. 70897. Judgment affirmed in Case No. 71104. McMurray, P. J., concurs. Benham, J., concurs in the judgment only.*

DECIDED OCTOBER 25, 1985 —
REHEARING DENIED NOVEMBER 12, 1985.

*Carr G. Dodson, James V. Towson*, for appellant.
*Marson G. Dunaway, Jr.*, pro se.
*Kathryn W. Stringer*, for appellee.