74997, 75112. TUNISON et al. v. TILLMAN INSURANCE
AGENCY; and vice versa.
(362 SE2d 507)

POPE, Judge.
James G. Tunison, d/b/a James G. Tunison & Company, was under contract with the United States government to perform certain services at Moody Air Force Base. In order to qualify for the government contract, Tunison obtained a performance bond and other insurance coverage from Tillman Insurance Agency. The government contract was extended for an additional three months from October 1 to December 31, 1983. In turn, Tillman issued a certificate of insurance extending coverage for the additional three-month period and forwarded a copy of the certificate to the contracting government officer. On approximately September 28, just before the renewed insur-

ance term was to commence, Tillman notified the contracting officer that it wished to withdraw its extension of coverage and the officer consented. Tunison was unable to find replacement coverage and was required to post bond in the form of a letter of credit from a bank. To obtain the letter of credit, Tunison pledged assets to the bank and took out a loan on which he claims he paid approximately $4,000 in interest.

Tillman brought suit on open account against Tunison for premiums in the amount of $12,645 allegedly owed on the policy issued to James G. Tunison & Company. The complaint also alleged premiums in the amount of $3,951 were owed on a policy issued to Penny Pinchers Shoppe, a trade name of Valdosta Discount Merchandise, Inc., of which Tunison is a shareholder.

Tunison brought a counterclaim against Tillman in two counts. Count I of the counterclaim alleged Tillman had overcharged Tunison for premiums on the performance bond in the amount of $19,000, which Tunison sought to recover. Count II alleged that the cancellation of the extended performance bond amounted to tortious interference with contractual rights resulting in damage to Tunison. The cross-appeals of the two parties have been consolidated for consideration by this court.

### Case No. 75112

1. Tillman argues the court erred in denying its motion for summary judgment as to the premiums allegedly owed by Tunison on the policy of insurance issued to Penny Pinchers Shoppe. The policy listed the named insured as "Valdosta Discount Merchandise, Inc. d/b/a Penny Pinchers Shoppe and James G. Tunison, an individual, A.T.I.M.A. [as their interest may appear.]" By its terms, the policy applied to a named individual "only with respect to the conduct of a business of which he is the sole proprietor. . . ." Clearly, the policy covered the business known as the Penny Pinchers Shoppe and not Tunison in his individual capacity.

Tunison testified by affidavit that he did not operate said business as a proprietorship but that it was operated as a trade name of Valdosta Discount Merchandise, Inc., a separate legal entity. Nevertheless, Tillman argues Tunison should be held personally liable for premiums on the policy because he was listed as a payee and accepted payment of certain loss benefits issued under the policy. Where the agency of an individual is known, the question to whom credit is given is a question of fact to be decided by the jury according to the circumstances of the case. OCGA § 10-6-87. Therefore, the fact that Tunison, a shareholder, was listed as a named insured and accepted benefits on behalf of the corporation at best creates an issue of fact as

to whether he is personally liable for payment of premiums on the policy on open account. The court did not err in denying summary judgment to Tillman on this issue.

### Case No. 74997

2. In Count I of the counterclaim, Tunison claimed he was entitled to damages for excess premiums paid because Tillman failed to obtain coverage for him at the most favorable rate available. The court did not err in granting summary judgment to Tillman on this claim. Tunison freely accepted and purchased insurance at the price charged by Tillman. The court may not rewrite the terms of an arms-length business transaction. The cases cited by Tunison merely address the liability of an insurance agent for negligent or intentional failure to procure coverage for an insured. E.g., *Dillard v. Woodall*, 167 Ga. App. 158 (3) (306 SE2d 81) (1983). The duty of an insurance agent to procure the represented coverage does not create a duty to obtain coverage at any particular rate. Absent an express promise to do so, an insurance agent, like any other merchant, is under no duty to sell to his customers at the most competitive price.

3. In Count II of the counterclaim Tunison claims Tillman's cancellation of the performance bond was a violation of Tillman's duty and obligation to Tunison and constituted a tortious interference with Tunison's contractual rights. This claim represents an improper attempt to seek damages in tort for an alleged breach of contract. Tunison does not and cannot claim that Tillman's actions resulted in the breach of Tunison's contract with the government since both parties continued under that contract as planned. Both the original policy and the declaration of renewal stated that cancellation could be made only after notice to the contracting government agent was given thirty days in advance. The increased cost, if any, of seeking substitute coverage may be recoverable if a breach of contact is proven. However, Tunison may not recover damages in tort for what is essentially an alleged breach of contract. See *Hudson v. Venture Indus.*, 147 Ga. App. 31 (2) (248 SE2d 9) (1978), aff'd 243 Ga. 116 (252 SE2d 606) (1979).

4. The lower court awarded judgment to Tillman on the open account of James G. Tunison & Company with prejudgment interest from the date the action was filed. Tunison argues the award of prejudgment interest was improper because the actual calculation of the amount due was revealed only during discovery and not at the time the complaint was filed. Nevertheless, the precise amount due was set forth in the complaint. "[O]pen accounts bear interest from their due date, at which time they are considered liquidated demands. [Cits.] 'Amount claimed is a "liquidated demand" if it is susceptible of being

made certain in amount by mathematical calculations from factors which are or ought to be in possession or knowledge of (the) party to be charged.' Black's Law Dictionary, (4th ed.) p. 1080." *Intercompany Svcs. Corp. v. Kleeb*, 140 Ga. App. 512, 513 (231 SE2d 505) (1976). The fact that the court did not award judgment on the amount allegedly due on a separate policy issued to Penny Pinchers Shoppe did not convert the otherwise liquidated claim on which judgment was awarded to an unliquidated sum. See *Davis v. Carpenter*, 155 Ga. App. 301 (2) (270 SE2d 810) (1980).

*Judgments affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 4, 1987.

*J. Converse Bright*, for appellants.
*John T. McTier*, for appellee.