23913

SULLIVAN COMPANY, INC., Respondent v.
NEW SWIRL, INC., Appellant.
(437 S.E. (2d) 30)

Supreme Court

*Daniel E. Hunt*, Easley, and *Robert C. Wilson, Jr.*,
Greenville, *for appellant.*

*Ray R. Williams, Jr.* and *Craig H. Allen*, both of *Williams
& Henry, P.A.*, Greenville, *for respondent.*

Heard Dec. 7, 1992.

Decided Aug. 9, 1993.

FINNEY, Justice:

Respondent Sullivan Company, Inc., instituted this action against Appellant New Swirl, Inc., to recover premiums it advanced under an agreement to obtain insurance coverage for the appellant. New Swirl asserted a denial on the grounds that Sullivan had failed to procure insurance at the lowest possible cost, counterclaimed for damages suffered as a result of Sullivan's actions, and demanded an accounting. The circuit court granted Sullivan's motion for summary judgment based upon its finding, first, that no duty should be imposed on insurance agents to obtain insurance for their clients on the best possible terms and at the lowest prices, absent a promise to do so; and second, that New Swirl was bound by the agreement and repayment schedule entered into by the parties. We affirm.

Pursuant to an agreement and repayment schedule, premiums due insurance carriers for providing various types of insurance to New Swirl would be advanced by Sullivan, New Swirl's insurance broker, which would subsequently bill new Swirl for reimbursement. In August 1990, New Swirl acquired insurance coverage through a new agent at a cost lower than that provided by Sullivan. Alleging that Sullivan had breached its duty to provide the best insurance coverage at the most competitive prices, New Swirl refused to reimburse Sullivan for premiums previously advanced. This action followed.

On appeal, New Swirl alleges that the trial judge erred in failing to find that Sullivan was obligated to secure insurance at the most competitive price. We disagree.

This Court has found that an insurance agent or broker must exercise good faith, reasonable skill, care, and diligence. If, because of his fault or neglect, the agent fails to procure insurance, or does not follow instructions, or the policy issued is void, or materially deficient, or does not provide the coverage he undertook to supply, the agent is liable to his principal. *Riddle-Duckworth, Inc. v. Sullivan*, 253 S.C. 411, 171 S.E. (2d) 486 (1969).

New Swirl does not claim that Sullivan acted in bad faith or breached a general duty of care. Neither does New Swirl complain that the rates procured by Sullivan were unreasonable, nor has it presented evidence indicating negligence on the

part of Sullivan. Based upon the mere assertion that it was able to obtain more favorable rates elsewhere, New Swirl makes the broad allegation that Sullivan failed to fulfill its duty to secure insurance at "the very best possible rate."

We are persuaded that to adopt the view advanced by New Swirl would impose an undue burden upon insurance agents and brokers. The duty of an insurance agent to procure the represented coverage does not create a duty to obtain coverage at any particular rate, absent an express promise to do so. *See Tunison v. Tillman Ins. Agency,* 184 Ga. App. 776, 362 S.E. (2d) 507 (1987). The record before us evinces no evidence of any agreement to secure insurance at the best possible terms. Hence, we affirm the finding of the trial judge that no obligation exists on the part of an agent or broker to secure insurance at the most favorable prices—absent a promise to do so.

New Swirl next assets that the trial judge erred in granting a motion for summary judgment where the record presented a genuine triable issue of material fact. Summary judgment is appropriate when it is clear that there is no genuine issue of material fact, and that the moving party is entitled to judgment a a matter of law. *Smith v. T.H. Snipes & Sons, Inc.,* 306 S.C. 289, 411 S.E. (2d) 439 (1991); *Cafe Assoc. Ltd v. Gerngross,* 305 S.C. 6, 406 S.E. (2d) 162 (1991).

New Swirl claims that it has been damaged as a result of Sullivan's failure to obtain coverage at a lower cost, but offers no evidence to support its claim. Broad general statements of issues made by an appellant may be disregarded by this Court. Rule 207(b)(1)(B), SCACR; *see also Armstrong v. Weiland,* 267 S.C. 12, 225 S.E. (2d) 851 (1976).

Accordingly, we affirm the ruling and judgment of the trial court.

Affirmed.

HARWELL, C.J., and CHANDLER, TOAL AND MOORE, JJ., concur.