## S97A1507. PARELLO v. MAIO.
### (494 SE2d 331)

HINES, Justice.

This is an appeal from the judgment following a bench trial in this action seeking the imposition of a constructive trust regarding the purchase of commercial real estate. For the reasons which follow, we affirm the judgment.

The trial court found the following facts, which are supported by the evidence of record. See OCGA § 9-11-52 (a). Parello operated a barbershop in space he rented from owners of a tract of commercial property. In the early 1960s, Parello's lease became an oral one that was renewed on a monthly basis. Parello also had an oral agreement with the owners of the property that he would have the first opportunity to purchase the property if it was ever sold. In the mid-1980s, Maio, who had little formal education, began renting a chair in Parello's barbershop. Parello was absent for most of each year, and

---

[3] *Gay,* 268 Ga. at 107 (1).
[4] *Gay,* 268 Ga. at 106-107 (1); OCGA § 15-6-8 (5).
[5] *Gay,* 268 Ga. at 107 (2). Accord *Thedieck,* 220 Ga. App. at 766.

Maio assumed responsibility for much of the operation of the barbershop.

In 1994, the owners of the property decided to sell, and the property was appraised for $180,000 to $182,000. Maio contracted with a local real estate agent to negotiate Maio's purchase of the property. The documents prepared by the real estate agent were all in Maio's name. Maio bought the property for $185,000, and it was conveyed to him by a warranty deed dated May 5, 1995. Although Parello had numerous discussions with the owners' chief negotiator in the five months prior to the sale, Parello never made an offer to purchase the property. After becoming the owner of the property, Maio terminated the oral lease with Parello by letter dated May 8, 1995, and gave Parello 23 days to vacate the premises and to remove his equipment and furnishings.

Parello filed the instant action claiming a confidential relationship with Maio and wrongful dispossession, and asking, inter alia, that Maio be declared a trustee ex maleficio of the property and ordered to convey record title to Parello. The trial court concluded that there was not a confidential relationship between the parties and that a trust ex maleficio was not created. However, the court ruled in favor of Parello on his claim of wrongful dispossession, awarding him $1,490 as damages.

1. The trial court correctly refused to grant Parello's request for relief on the theory that a constructive trust or trust ex maleficio was created by virtue of a confidential relationship between Parello and Maio. See OCGA § 53-12-93 (a).

A relationship is considered to be confidential "where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith." OCGA § 23-2-58. A confidential relationship may exist between business people, depending on the facts. *Cochran v. Murrah*, 235 Ga. 304, 307 (219 SE2d 421) (1975). However, the mere circumstance that two people have come to repose a certain amount of trust and confidence in each other as the result of business dealings is not, in and of itself, sufficient to find the existence of a confidential relationship. *Kienel v. Lanier*, 190 Ga. App. 201, 203 (2) (378 SE2d 359) (1989), citing *Davis v. Carpenter*, 247 Ga. 156 (274 SE2d 567) (1981). Thus, the fact that Maio had a business relationship with Parello over a prolonged period of time and that Maio was largely responsible for the day-to-day operation of the business would not, without more, place Maio in a position of confidence with Parello. Nor does the evidence allow a finding that Maio exercised a controlling influence over Parello's will, conduct, or interest specifically with regard to the purchase of the property. Parello's own testimony that he retained control over the

real estate transaction and that Maio was in no manner authorized to act on his behalf compels the contrary conclusion.

Parello, as the party asserting the confidential relationship, had the burden of affirmatively proving it. *Hancock v. Hancock*, 223 Ga. 481, 486 (1) (c) (156 SE2d 354) (1967); *Charles v. Simmons*, 215 Ga. 794, 796 (1) (113 SE2d 604) (1960). This Parello failed to do.

2. Parello's enumeration of error regarding his claim of wrongful dispossession is wholly unwarranted. The trial court found in favor of Parello on this issue and awarded him damages.[1]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 12, 1998.

*Christopher G. Nicholson,* for appellant.
*Scott J. Klosinski, Fowler & Wills, John P. Wills,* for appellee.

S97Y1597, S97Y1598, S98Y0252. IN THE MATTER OF STANLEY J. KAKOL, JR.
(494 SE2d 340)

---

[1] Parello does not contest the amount of damages awarded.