THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Joe Cephus
 Floyd, Appellant,
 v.
 Spartanburg Dodge,
 Inc., Bank of America, N.A., and Daimler Chrysler Motors, LLC, Respondents.
 
 
 

Appeal From Spartanburg County
 J. Derham Cole, Circuit Court Judge
Unpublished Opinion No. 2010-UP-396
Submitted June 1, 2010  Filed August 31,
 2010
AFFIRMED

 
 
 
 James J. Raman, of Spartanburg, for Appellant.
 Laura Wilcox Howle Teer, of Greenville, for Respondents.
 
 
 

PER CURIAM: Joe Cephus Floyd brought suit against Spartanburg Dodge,
 Inc., Bank of America, N.A., and Daimler Chrysler Motors, LLC for problems
 arising out of his purchase of a car from Spartanburg Dodge that Bank of
 America financed.  Spartanburg Dodge and Bank of America both moved for
 dismissal pursuant to Rule 12(b)(1), SCRCP, for lack of subject matter
 jurisdiction because Floyd signed an arbitration agreement when he purchased
 the car.  The circuit court granted the motion to dismiss and Floyd appealed. 
 We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: Rule
 208(b)(1)(B), SCACR (providing broad general statements of issues made by an
 appellant may be disregarded by this court); R & G Constr., Inc. v.
 Lowcountry Reg'l Transp. Auth., 343 S.C. 424, 437, 540 S.E.2d 113, 120 (Ct.
 App. 2000) (holding an issue is abandoned if the
 appellant's brief treats it in a conclusory manner); Sullivan
 Co. v. New Swirl, Inc., 313 S.C. 34, 36, 437 S.E.2d 30, 31 (1993)
 (finding an issue abandoned when appellant claimed it was damaged as a result
 of respondent's failure to act but offered no evidence to support the claim); State
 v. Colf, 332 S.C. 313, 322, 504 S.E.2d 360, 364 (Ct. App. 1998) (finding
 a conclusory, two-paragraph argument that cited no authority other than an
 evidentiary rule was abandoned), aff'd as modified on other grounds, 337
 S.C. 622, 525 S.E.2d 246 (2000); Englert, Inc. v. Netherlands Ins. Co.,
 315 S.C. 300, 304 n.2, 433 S.E.2d 871, 873 n.2 (Ct. App. 1993) (finding a
 one-sentence argument is too conclusory to present any issue on appeal); Carolina Water Serv., Inc. v. Lexington County Joint Mun.
 Water & Sewer Comm'n, 367 S.C. 141, 149, 625 S.E.2d 227,
 231 (Ct. App. 2006) ("A reference to
 supporting authority without any discussion of [its] applicability is conclusory and constitutes an
 abandonment of the party's reliance on those cases."), rev'd on other grounds, 373 S.C. 96, 644 S.E.2d 681 (2007); State v. King,
 349 S.C. 142, 157, 561 S.E.2d 640, 648 (Ct. App. 2002) (finding an argument conclusory
 and the issue abandoned when
 appellant merely argued the trial court's ruling was erroneous and prejudicial
 and cited an evidentiary rule); First Sav. Bank v. McLean, 314
 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) ("Mere allegations of error
 are not sufficient to demonstrate an abuse of discretion.  On appeal, the
 burden of showing abuse of discretion is on the party challenging the trial
 court's ruling.").
AFFIRMED.
KONDUROS, GEATHERS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.