THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Happy Rabbit, a
 South Carolina Limited Partnership, and Carolyn D. Cook, Appellants,
 
 
 
 
 

v.

 
 
 
 
 Alpine Utilities,
 Inc., Respondent.
 
 
 
 
 

Appeal From Richland County
James R. Barber, III, Circuit Court Judge

Unpublished Opinion No.   2010-UP-558 
 Submitted December 1, 2010  Filed December
23, 2010

AFFIRMED

 
 
 
 Timothy F. Rogers, Richard L. Whitt, and Jefferson
 D. Griffith, III, all of Columbia, for Appellants.
 John M. S. Hoefer and Benjamin P. Mustian,
 both of Columbia, for Respondent.
 
 
 

PER CURIAM:  Appellants, Happy Rabbit, a South Carolina Limited
 Partnership, and Carolyn Cook, brought this action against Respondent Alpine
 Utilities, Inc. (Alpine) to recover damages for Alpine's alleged violations of section
 27-33-50 of the South Carolina Code (2007), which prohibits utilities from
 requiring landlords to execute an agreement to be responsible for charges
 billed to premises leased by a tenant.  The circuit court denied Appellants'
 motion for class certification and granted Alpine's motion to dismiss the
 complaint pursuant to Rule 12(b)(6), SCRCP.  Appellants seek review of both
 orders.  We affirm.[1]  
Appellants
 maintain that the circuit court erred in dismissing their complaint when it failed to view the complaint's factual
 allegations in the light most favorable to them.  Initially, we doubt that
 section 27-33-50 creates a private right of action because it was not enacted
 for the special benefit of Appellants, but rather for the benefit of the public
 in general.  See Dema v. Tenet Physician
 Servs.-Hilton Head, Inc., 383 S.C. 115,
 121, 678 S.E.2d 430, 433 (2009) (holding that where not expressly
 provided, a private right of action may be created by implication only if the
 legislation was enacted for the special benefit of a private party rather than
 for the benefit of the public in general).     
Even if a private right of
 action could be asserted under section 27-33-50, we find a disparity between
 the complaint's allegations and the specific actions the statute prohibits.  Section
 27-33-50 prohibits a utility from requiring a landlord to sign a new contract to
 be responsible for charges billed to premises leased by a tenant.  Yet the
 complaint alleges that Appellants and Alpine were already in an existing
 contractual relationship on the effective date of section 27-33-50 and that
 Alpine would not let Appellants out of their contract.  Therefore, Appellants
 have not stated facts sufficient to constitute a cause of action for violation
 of section 27-33-50.  See S.C. Energy
 Users Comm. v. S.C. Pub. Serv. Comm'n, 388 S.C. 486, 491, 697 S.E.2d 587, 590 (2010) ("A statute as a whole
 must receive [a] practical, reasonable, and fair interpretation consonant with
 the purpose, design, and policy of lawmakers.") (internal quotation and
 citation omitted); Brazell v. Windsor, 384 S.C. 512, 515, 682 S.E.2d 824,
 826 (2009) (holding that in deciding whether a trial court properly
 granted a motion to dismiss, the appellate court must consider whether the
 complaint, viewed in the light most favorable to the plaintiff, states any
 valid claim for relief).
Concerning
 Appellants' remaining exceptions, we affirm pursuant to Rule 220(b), SCACR, and
 the following authorities:
1. As to whether the circuit court erred in dismissing Appellants'
 complaint when it considered a potential defense outside the four corners of
 the complaint:  Spence v. Spence, 368 S.C. 106, 124, 628 S.E.2d 869, 878
 (2006) (approving of the assertion of a defense in a motion to dismiss when there
 is no disputed issue of fact raised by the defense or when the facts are
 completely disclosed on the face of the pleadings, and realistically nothing
 further can be developed by pretrial discovery or a trial on the issue raised
 by the defense).
2. As to whether the circuit court
 erred in dismissing Appellants' complaint when it failed to grant leave to
 Appellants to file an amended complaint:  Spence, 368 S.C. at 130-31, 628 S.E.2d at 882 (holding that when
 a complaint is dismissed with prejudice and the plaintiff is denied the
 opportunity to file and serve an amended complaint yet fails to present
 additional factual allegations or a different theory of recovery that may give
 rise to a claim on which relief may be granted, the appellate court may, in its
 discretion, affirm the dismissal of the complaint with prejudice); Kneece
 v. Kneece, 296 S.C. 28, 32, 370 S.E.2d 288, 291 (Ct. App. 1988) (finding a party's failure to move pursuant to Rule 59(e),
 SCRCP, to have the family court amend its decree to
 consider a certain issue prevented consideration of the issue on appeal).
3.  As to whether the circuit court erred in dismissing Appellants'
 complaint when it failed to recognize that the complaint presented a novel
 issue:  Unisys Corp. v. S.C. Budget & Control
 Bd. Div. of Gen. Servs. Info. Tech. Mgmt. Office, 346 S.C. 158, 165, 551 S.E.2d 263,
 267 (2001) (holding that when a dispute is not as to the underlying facts
 but as to the interpretation of the law, and development of the record will not
 aid in the resolution of the issues, it is proper to decide even novel issues
 on a motion to dismiss). 
4. As to whether the circuit court erred in dismissing Appellants'
 complaint when Alpine had not responded to Appellants' pending discovery
 requests:  Sullivan Co. v. New Swirl, Inc., 313 S.C. 34, 36, 437 S.E.2d 30, 31 (1993)
 ("Broad general statements of issues made by an appellant may be
 disregarded by this Court."). 
5. As to whether the circuit court
 erred in allowing Alpine to argue a ground for dismissal that was not included
 in its motion to dismiss:  Rule 220(b)(2), SCACR ("The Court of Appeals
 need not address a point which is manifestly without merit.").
6. As to whether the circuit court erred in denying Appellants' motion
 for class certification when the complaint's allegations satisfied the
 requirements of Rule 23(a), SCRCP:  Byrd v. Irmo High Sch., 321 S.C. 426,
 431, 468 S.E.2d 861, 864 (1996) (holding that an
 issue becomes moot when a decision, if rendered, will have no practical legal
 effect upon the existing controversy).
AFFIRMED.
THOMAS, PIEPER, and
 GEATHERS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.