**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

October 29, 2012

# In the Court of Appeals of Georgia

A12A1336. KOCH v. FRED BARUCHMAN & ASSOCIATES, P.C.

McFADDEN, Judge.

Fred Baruchman & Associates, P. C. filed an action on open account against David Koch d/b/a ASAC Consultants, Inc., seeking payment for architectural services, plus interest and attorney fees. Koch answered, asserting that he is not personally liable for the alleged debts because he did not enter into any agreement with Fred Baruchman & Associates, which instead contracted with ASAC. The case was tried before a jury, and at the end of the plaintiff's case Koch moved for a directed verdict on the basis that there was no evidence showing that he was personally liable for ASAC's alleged debts. The trial court denied the motion, and the jury subsequently returned a verdict in favor of Fred Baruchman & Associates, awarding $27,844 in principal, plus interest and attorney fees. The trial court entered

judgment against Koch. He appeals, contending that the trial court erred in failing to grant his motion for a directed verdict. Because there is no evidence showing that Koch may be held personally liable for the alleged debts of the corporation, we reverse.

1. *Facts.*

"On appeal from the denial of a motion for a directed verdict or for j.n.o.v., we construe the evidence in the light most favorable to the party opposing the motion, and the standard of review is whether there is any evidence to support the jury's verdict." (Citation and punctuation omitted.) *City of Baldwin v. Woodard & Curran,* ___ Ga. App. ___ (2) (730 SE2d 486) (2012). So construed, the evidence shows that ASAC Consultants, Inc., was formed in 1999. Koch is the president and minority shareholder of ASAC, and his wife Kathy Koch is the secretary, treasurer and majority shareholder of the corporation. The corporation was administratively dissolved in 2005, but was reinstated in 2010. The certificate of reinstatement issued by the Georgia Secretary of State provides that "[t]he reinstatement shall relate back to and take effect as of the date of the administrative dissolution and the corporation may resume its business as if the administrative dissolution never occurred."

From 2002 until 2009, Fred Baruchman & Associates worked on architectural projects for ASAC. With regard to the terms of their business relationship, Fred Baruchman, the president of Fred Baruchman & Associates, explained that Koch would "assign[] me a project that came into his firm and sa[y] this is what you need to do. Work on this particular project with this client." Baruchman testified that he knew Koch operated the firm ASAC, that he knew ASAC had been incorporated, and that he knew the projects in question were contracted with architects as the work of ASAC rather than as David Koch work.

Baruchman further testified that his company would bill for its work by sending an "invoice to ASAC, David Koch." The allegedly unpaid invoices were introduced into evidence and show that they were billed to ASAC, with David Koch also listed underneath the corporate name, followed by ASAC's office address. On each invoice, the description of the services included an ASAC project number. Baruchman testified that whenever he was paid for his firm's work, the payment "came from ASAC, Inc." He acknowledged that David Koch had never written him a personal check and that the entire time he worked with ASAC he never got "a check from anybody other than ASAC Consultants, Inc." Several of those checks were introduced into evidence, showing on their faces that they were drawn on an account

of ASAC Consultants, Inc.; were for certain ASAC project numbers; and were signed, not by David Koch, but by ASAC's treasurer Kathy Koch.

2. *Administrative dissolution and reinstatement.*

As an initial matter, we note that Koch cannot be held personally liable solely on the basis that the purported debts were incurred after ASAC's administrative dissolution and prior to its reinstatement. In *Fulton Paper Co. v. Reeves*, 212 Ga. App. 314 (441 SE2d 881) (1994), as in the instant case, an action on account was brought against the president of a corporation, seeking to hold him personally liable for debts incurred by the corporation after it had been administratively dissolved. Approximately two weeks after the lawsuit was filed, the corporation applied for and obtained a certificate of reinstatement. Id. at 316 (2). This court upheld the trial court's grant of summary judgment in favor of the president, noting that under the applicable statutory scheme, even after administrative dissolution, a corporation continues its corporate existence for limited purposes, and a reinstatement relates back and takes effect as if the administrative dissolution had never occurred. Id. Thus, we held in *Fulton* that personal liability of the president could not be based on the theory that he was acting for a nonexistent principal, nor could he be held personally liable on the ground that acts of the corporation during the period of dissolution were

4

ultra vires. Id. at 317 (2). Likewise, in the instant case, corporate officer Koch is not personally liable for the alleged debts of ASAC merely because they were incurred during a period of administrative dissolution.

3. *Parties to the contract.*

Nevertheless, Fred Baruchman & Associates argues that the trial court correctly denied a directed verdict to Koch because there exists at least some evidence that the party to whom it extended credit was Koch, rather than ASAC. However, it is undisputed that Fred Baruchman & Associates knew of Koch's status as an agent for ASAC, and "[w]here the agency is known and the credit is not expressly given to the agent, he shall not be personally responsible upon the contract." OCGA § 10-6-87. Therefore, to prevail on its argument, Fred Baruchman & Associates "would be required to prove the existence of an express agreement as to the payment of its fees. In this connection, appellee would have to show . . . an express agreement on the part of [Koch] that he would personally pay the fees[.]" *Vaswani v. Southern Mortgage & Financial Svcs. Corp.*, 196 Ga. App. 223, 224 (1) (395 SE2d 647) (1990).

Fred Baruchman & Associates has made no such showing, relying on Baruchman's own testimony that he extended credit to David Koch and sent invoices to "ASAC, David Koch." However, that testimony, at most, shows Baruchman's own

5

conduct; it does not show an express agreement on the part of Koch that he would personally pay ASAC's debts. Indeed, Baruchman did not testify, or point to any other evidence showing, that Koch made such an express agreement.

Conversely, Koch expressly testified that he never personally paid for any of the work that Baruchman's firm did for ASAC and that Baruchman never indicated that he thought Koch was personally responsible for the bills sent to ASAC. Instead, as recounted above, the evidence plainly shows that Fred Baruchman & Associates provided services to ASAC, billed ASAC for those services, received payments from ASAC, and never received a personal payment from Koch. It is true that generally the question of fact as to whom credit was extended is for the jury. See OCGA § 10-6-87. But under the circumstances of this case, there simply was no jury question as to whether there was an agreement to extend credit to Koch personally. Compare *Tunison v. Tillman Insurance Agency*, 184 Ga. App. 776, 777-778 (1) (362 SE2d 507 (1987) (question of fact for jury as to whether corporate agent was personally liable for payment of insurance premiums where policy named both corporation and agent individually as insured parties). "Since there was no evidence to authorize a finding that [Koch] made any express agreement to . . . accept [personal] responsibility for the payment of [ASAC's debts], the motion for a directed verdict should have been

6

granted." *Vaswani*, supra at 225 (1). See also *Imex International v. Wires Engineering*, 261 Ga. App. 329, 332 (1) (a) (583 SE2d 117) (2003) (where bona fide dispute exists as to the receipt of goods or services, open account is the wrong theory of recovery, because such a simplified action is only for cases where party seeks recovery of what he is equitably entitled to without regard to any special agreement as to payment).

4. *Motion for frivolous appeal penalties.*

Fred Baruchman & Associates' motion for imposition of a frivolous appeal penalty is hereby denied.

*Judgment reversed. Barnes, P. J., and Adams, J., concur.*